## CASE *v.* LOFTUS.

(*Circuit Court, D. Oregon.* November 3, 1890.)

CONSTITUTIONAL LAW—TITLE OF ACT.
The clause in section 3 of the act of 1885, purporting to grant the tide-land on Yaquina bay, in front of lot 4, to the town of Newport, is void, because the subject is not "expressed" in the title, as required by said section 20.

(*Syllabus by the Court.*)

In Equity.
*Mr. James F. Watson,* for plaintiff.
*Mr. Lewis L. McArthur,* for defendant.

DEADY, J. This suit is brought to have the defendant restrained from constructing and maintaining a tramway along the northern shore of Yaquina bay, near its mouth, in front of certain property belonging to the plaintiff, whereby access to the water from said property is hindered and prevented.

The property in question is lot 4 of section 8, in township 11 south, of range 11 west, for which the plaintiff obtained a patent from the United States on November 1, 1875.

The case was before the court on a demurrer to the bill, (39 Fed. Rep. 730,) when it was held, on overruling the same: (1) "On the admission of a new state into the Union, the 'shore' or tide-land therein, not disposed of by the United States, prior thereto, becomes the property of the state;" and (2) "the owner of land abutting on the 'shore' or tide-land in this state, and not disposed of by the United States or the state, has a right of access from his land to the water, and may erect and maintain a private wharf there for his own convenience, so long as he does not materially interfere with the rights of the general public, and subject to the power of the legislature to regulate such use." The defendant then answered, and the plaintiff filed the general replication. Testimony was taken, and the case submitted after a view of the premises by the court.

The material facts, about which there is very little if any dispute, are as follows:

At the time of filing the bill, the United States, through its proper officers, was engaged in improving the mouth of Yaquina bay, by the construction of a jetty, in pursuance of an act of congress, and, for the purpose of transporting stone to said jetty, the defendant constructed the tramway, as alleged, under the direction of the engineer officer in charge of the work; that on February 5, 1885, the tide-land in question was owned by the state of Oregon, and on that day the legislature of the state passed an act, granting the same to the town of Newport "for the common benefit" thereof, with power to lease the same for any period of not more than 30 years; that on July 12, 1887, the common council of Newport passed an ordinance, in pursuance of which the tide-land in front of said lot 4 was, on November 9, 1888, leased to the engineer of-

ficer in charge of the construction of said jetty for the period of three years.

The tramway rests on heavy piles, thoroughly braced, and is about the line of low-water mark. It is about 8 feet wide, and 15 feet high. Owing to the check which the tide receives in passing through the timbers of the tramway, the sand in the water is deposited, and the space thereunder, and back to high-water mark, is being filed up.

The plaintiff's property, on which he maintains a public house for the accommodation of travelers and visitors to the bay, extends 1,100 feet on the shore line, and this tramway extends clear across it, and is altogether impassable by boats; but there are two openings under the same, opposite the plaintiff's property, through which a wagon can be driven. Back of the tramway, about 30 feet, and at the foot of the bluff and stairway leading down from the plaintiff's house to the shore, is a bulkhead or pier at which he was in the habit of landing and fastening his boats coming in from the bay with goods or travelers. This is now inaccessible by boats, both on account of the structure of the tramway, and the deposit of sand caused thereby.

On the law of the case, as laid down in the decision on the demurrer, this structure is clearly a purpresture or obstruction to the plaintiff's right, as a littoral proprietor, to have access to and from the water over this shore, unless the defendant or the United States, under which he is acting, has succeeded, by means of the lease from the town of Newport, to all the rights of the state in the premises; that is, the *jus publicum*, or the right of the public to use the same for the purpose of navigation or fishing, and the *jus privatum*, or the private property in the land.

These rights, it is claimed, were acquired by the town from the state under section 3 of the act of February 5, 1885, (Sess. Laws, 5.) On the other hand, it is contended that so much of this section as purports to grant this tide-land to the town of Newport relates to a subject not "expressed" in the title of the act, and, therefore, under section 20 of article 4 of the constitution, is illegal and void.

By its title, the act purports to be amendatory of an act, October 24, 1874, (Sess. Laws, 51,) providing "for the construction of the Willamette Valley & Coast Railway," as amended by the act of October 14, 1878, (Sess. Laws, 3,) and to confirm the rights of said railway company under the said acts.

There is nothing in the title of this act which in any way expresses or even suggests that it contains a grant of any land to the town of Newport, nor is the subject of such grant provided for or even alluded to in the act of 1874, or that of 1878, amendatory of the same. Section 2 of the act extends the time within which the company may complete its road, and section 3. confirms thereto the grant made in the acts of 1874 and 1878 of certain tide and marsh and other lands, and waives all rights reserved to the state under the same, with a proviso that "the tide and overflowed lands in and adjoining" the town of Newport "are exempted from the operation" of these acts.

In section 3 these lands are described, among others, as lying "in front of lot 4" aforesaid; and the section then further provides that the same "are hereby granted" to said town "for the common benefit" thereof, "with power to lease the same for a period not to exceed thirty years at a time."

The constitution (section 20, art. 4) declares that an act of the legislature shall be void, so far as the subject thereof is not "expressed" in the title, and it is the bounden duty of courts, whenever the occasion arises, to give it effect.

In the nature of things, it is more than likely that this act was passed without the legislature being aware that this clause was in it. To prevent just such exploits this provision was placed in the constitution, and it should not be made naught or frittered away in deference to the acts of ignorant or indolent legislators.

As I have said, there is nothing in the title of the act of 1874, or in that of the prior amendatory one of 1878, that indicates that the subject of a grant of tide-lands to the town of Newport was mentioned or provided for therein, so the case does not come within *State* v. *Phenline*, 16 Or. 109, 17 Pac. Rep. 572, wherein it is held that if the subject of an act is expressed in the title—as pilotage on a certain water—an act amendatory of the same need not express the subject thereof in its title. In other words, an act amendatory of another, which relates to pilotage, purports, *prima facie*, to relate to the same subject, which therefore need not be otherwise expressed in its title. But if such amendatory act also contains a provision relating to any other subject, as a grant of tide-land to the town of Newport, it will be so far void, unless the same is expressed in the title.

It is further suggested on behalf of the defendant that the town of Newport has authority over the tide-land in front of the town, by virtue of sections 4227 and 4228 of the Compilation of 1887, regulating wharves in incorporated towns. These sections are simply intended to give the municipal corporation power to limit the extension of wharves on navigable waters beyond low-water mark, and do not pretend to give the town any interest in or control over the shore between high and low water mark.

The plaintiff is entitled to the relief prayed for in the bill,—an injunction commanding the defendant to remove the tramway, and restraining him from renewing the same or otherwise obstructing the passage of the plaintiff over the shore to and from his property between high and low water mark.

On the argument counsel for the plaintiff conceded that, in view of the public importance of the completion of the jetty, for which the tramway was constructed and is now used, the injunction need not issue until the completion of the jetty, and not exceeding the period of three years from the date of this decree.

Therefore the decree of the court will be that the tramway in front of the plaintiff's property, to-wit, lot 4 aforesaid, is an unlawful obstruction and injury to the right of the plaintiff to have free access to and from

the water over and across the shore in front of said property, and that the town of Newport has no right to lease said shore to any one, nor to maintain or authorize said tramway thereon, and that an injunction may issue as prayed for in the bill, on motion of the plaintiff or his assigns, on the completion of the jetty or the expiration of three years from this date, and that the plaintiff recover from the defendant his costs and expenses herein sustained.