The original drainage act (Laws of 1871, chap. 884) entitled "An act to provide for the drainage of the swamp, bog, and other low and wet lands, in the village of White Plains, and adjacent thereto," provided that proceedings might be taken as prescribed in the body of the act, for the drainage of lands in the "village or town of White Plains," and for charging the expense upon the property benefited, and (conditionally) upon the village and town of White Plains. The act did not extend to lands lying in the town of Greenburgh, and it is not claimed that, under it, that town, or lands therein, could be charged with any part of *Page 509 
the cost of the improvement. But the town of Greenburgh adjoined on one side the village of White Plains, and a tract of low and wet land lay partly within the village and town of White Plains, and partly within the town of Greenburgh.
In 1872 the original act was amended by an act entitled "An act to amend an act entitled `An act to provide for the drainage of the swamp, bog, and other low and wet lands, in the village of White Plains, and adjacent thereto,' passed May 2, 1871," by authorizing the proceedings for drainage to be taken in respect to lands "in said village (White Plains), or adjacent thereto" (following the language of the title of the original act), and charging the expense on the owners of lands benefited, and on the towns in which the land to be drained is situated.
It is claimed that this act is unconstitutional, as being in violation of article 3, section 16, of the Constitution, and this is the only question before us on this appeal. We see no ground for this objection. The subject of both acts is the drainage of lands. The title of the original act was broader than the enactment. It included the low and wet lands in the village and town of White Plains mentioned in the body of the act, and also lands adjacent, and if the wet lands in the town of Greenburgh had been mentioned in the enacting clause, the title would have comprehended those also. The amendment consisted in conforming the description of the lands to be drained to the precise description contained in the title, and in extending the area of the assessment and apportioning the expenses in view of the greater territorial extent of the operations authorized by the amended act.
The title of the original act is recited in the title of the amended act, and as the provisions of the amended act relate to but one subject, and that is expressed in the title to the original act, the objection fails.
The order should be affirmed.
All concur.
Order affirmed. *Page 510