[Filed January 4, 1892.]

## FRANCIS CONLON *v.* OREGON SHORT LINE, ETC., RY. CO.

FEDERAL CORPORATIONS—REMOVAL OF CAUSES.—Actions commenced in the state courts against corporations created by and organized under acts of congress, are suits arising under the laws of the United States, and as such may be removed into the United States courts; but this rule does not apply to corporations organized under the laws of a territory, and upon which, after their organization, certain rights and privileges are conferred by act of congress.

Wasco county: L. R. WEBSTER, Judge.

Defendant appeals. Reversed.

*Zera Snow,* for Appellant.

*A. S. Bennett,* for Respondent.

BEAN, J.—This is an action to recover damages for a personal injury alleged to have been received by plaintiff, while in the service of defendant, in a wreck on defendant's road, caused by the giving way of a bridge over which plaintiff was being carried.

After the service of process, and within the time allowed by law, the defendant filed its petition and bond for the removal of the cause to the circuit court of the United States for the district of Oregon, but the court refused to surrender its jurisdiction, and ordered the cause to proceed notwithstanding said petition and bond, from which ruling of the court the defendant appeals.

In the petition for removal, it is stated, in substance, that the defendant is a corporation, organized and existing and possessing certain corporate powers, embraced in,

depending upon, and provided for, in two certain acts of congress creating and organizing the Oregon Short Line Railway Company, a corporation in the territories of Utah, Idaho, and Wyoming, and creating and organizing the Utah Northern Railway Company, a corporation in the territories of Utah, Idaho, and Montana; that defendant was so incorporated, organized, and created in the manner following, to wit:   Long prior to the commencement of this action, the Oregon Short Line Railway Company, a corporation mentioned in and organized and created by an act of congress, approved August 2, 1882, entitled, "An act creating the Oregon Short Line Railway Company, a corporation in the territories of Utah, Idaho, and Wyoming, and for other purposes," the Utah and Northern Railway Company, a corporation mentioned, organized, and created by an act of congress, approved June 20, 1878, making and creating said company a railway corporation in the territories of Utah, Idaho, and Montana, and certain other named corporations, organized and created under the laws of the territories Utah, Wyoming, and state of Nevada, respectively, made and entered into articles of consolidation, whereby and under and pursuant to which a certain consolidated railway corporation was formed and created under and by the corporate name of the Oregon Short Line and Utah Northern Railway Company, which said consolidated corporation is this defendant; that the consolidation aforesaid was projected under and pursuant to the laws of the territories of Utah and Wyoming, of the state of Nevada, and the laws of the United States, in force at the time; that this defendant possesses all the corporate functions, powers, and authority possessed by the several constituent companies, so entering into such consolidation, and derives and depends for its existence and its authority upon the acts of congress hereinbefore referred to; that ever since said consolidation, the defendant has existed as a corporation under the corporate name aforesaid, exercised and assumed the corporate powers and functions as such cor-

porations, and has and claims a corporate existence under the aforesaid acts of congress. Upon this state of facts, it is contended that this is a suit arising under the laws of the United States, within the meaning of the act of congress of March 3, 1887, as corrected by the act of August 13, 1888, so as to be removable from the state courts to the federal court for that cause.

It may be taken as settled beyond controversy that corporations of the United States, created by and organized under acts of congress, are entitled as such to remove into the circuit courts of the United States suits brought against them in the state courts, under and by virtue of the act of March 3, 1887, on the ground that such suits are suits arising under the laws of the United States. (Pac. R. R. Removal Cases, 115 U. S. 2.)

But was the defendant or any of its constituent corporations created by or organized under acts of congress? We think not. By the act of August 2, 1882, (22 Stat. at Large, 1885,) it is provided "that the Oregon Short Line Railway Company, a corporation of that name duly incorporated and organized under the laws of the territory of Wyoming, the amended articles of incorporation of which were duly filed in the office of the secretary of said territory on the 12th day of July, 1881, be and the same is hereby made a railway corporation in the territories of Utah, Idaho, and Wyoming, under the same conditions and limitations and with the same rights and privileges that it now has and enjoys under said articles of incorporation within the territory of Wyoming, and with all the rights and privileges within said territories of Wyoming, Utah, and Idaho, which are secured to railway companies by the act of congress approved March 3, 1875, entitled, 'An act granting to railroads the right of way through the public lands of the United States.'" And by the act of June 20, 1878, (20 Stat. at Large, 241,) the Utah and Northern Railway Company, a corporation organized under the laws of the territory of Utah, "is hereby made a railway corporation in the

territories of Utah, Idaho, and Montana, under the same conditions and limitations and with the same rights and privileges that it now has and enjoys under its articles of incorporation." A glance at these acts of congress is sufficient to show that neither of the corporations named therein was organized or created under or pursuant to any law of the United States, but they are territorial corporations, to which congress has granted certain rights and privileges. They do not derive their existence or exercise their corporate powers, functions, or duties by virtue of the acts of congress, but under the provisions of the laws of the territories in which they were respectively organized. They were as much territorial corporations after as before the acts of congress, only with the added privilege of exercising their corporate powers and functions within certain other territories over which congress has jurisdiction.

We are advised that Mr. Justice Deady, on a motion to remand to the state court, for want of jurisdiction, the cases of Knathla, Carlson (Administrator), and Schroeder, against this defendant, held, under a petition substantially the same as in the case at bar, that defendant is not a corporation formed or organized under a law of congress, and was not entitled, as such, to remove into the circuit court of the United States actions brought against it in the state court on the ground that such suits were suits arising under the laws of the United States. These cases being unreported, we are not advised as to the full text of the opinion; but it is sufficient to say that the recognized learning and ability of the distinguished jurist who rendered it is to us a guaranty of its correctness, and renders further examination of the question, on our part, unnecessary.

There was no error in refusing to transfer this case to the federal court.

The other questions in this record are identical with those in the Carlson case, just decided; and for the reasons stated in the opinion therein, this case must be reversed and a new trial ordered.