[Argued January 30; decided April 3, 1894.]

# STATE *v.* LINN COUNTY.

[S. C. 36 Pac. 297.]

1. TAXATION — BOARD OF EQUALIZATION — APPORTIONMENT OF TAXES, ACT OF 1891 — CODE, ? 2780.— Under section nine of the act of eighteen hundred and ninety-one, ( Laws 1891, p. 184,) it is the duty of the governor, secretary of state, and state treasurer, to apportion the state tax among the several counties upon the values as equalized by the state board of equalization, and not in the manner prescribed by section 2780, Hill's Code, this latter having been modified by the later law on the same subject.

2. CONSTITUTIONAL LAW — STATUTORY CONSTRUCTION — LAWS, 1891, P. 184 — CONSTITUTION, ARTICLE IV. ? 20.— The fact that the act of eighteen hundred and ninety-one ( Session Laws, 1891, p. 184,) creating the state board of equalization, etc., prescribes certain duties to be performed by the secretary of state and the several county clerks, after the assessment has been equalized by the state board, which are not embraced in its title, does not render so much of the act as undertakes to prescribe such duties obnoxious to Constitution, article IV. ? 20, which requires an act to embrace but one subject, " which subject shall be expressed in the title," since these provisions naturally relate to and are connected with the subject matter of the act. *State* v. *Shaw*, 22 Or. 287, approved and followed.

APPEAL from Linn: GEO. H. BURNETT, Judge.

This is an action to recover a balance of three thousand seven hundred and thirty-three dollars and fifty-one cents alleged to be due from Linn County to the state of Oregon on account of state taxes for the year eighteen hundred and ninety-one. The controversy grows out of an increased valuation of real and personal property of the defendant in the sum of seven hundred and forty-six thousand seven hundred and thirteen dollars, made by the state board of equalization, over and above that of the county assessor, as corrected and approved by the county court of Linn County. Issue was joined by the pleadings, and at the trial plaintiff obtained judgment for the

amount claimed, besides its costs and disbursements, from which the defendant appeals. AFFIRMED.

Mr. J. N. Duncan ( Messrs. Blackburn & Watson on the brief), for Appellant.

Mr. Geo. E. Chamberlain, Attorney-General, for the State.

Opinion by MR. JUSTICE MOORE.

1. It is contended that the governor, secretary of state, and state treasurer had no authority to apportion the state tax among the several counties upon the equalization of the assessment made by the the state board of equalization, but that under the provisions of section 2789, Hill's Code, they should have made the estimate of the amount of the state tax from the abstracts of the several assessment rolls transmitted to the secretary of state by the county clerks of the several counties. Section 9 of the act creating the state board of equalization ( Laws, 1891, p. 182,) provides that when such board has equalized the assessment of property among the several counties, the chairman and secretary thereof shall certify to the secretary of state the rate per cent to be added to or deducted from the assessed valuation of each class of property in the several counties, and also the amounts of the aggregate valuation as equalized by the board. Prior to the act of eighteen hundred and ninety-one, the assessment rolls were complete when certified up to the secretary of state by the several county clerks, but after the passage of that act they were not complete until equalized by the state board, and the result certified to the secretary of state by the chairman and secretary of said board. The act creating the state board of equalization is remedial in its character, and intended to prevent

fraud, suppress wrong, and promote the public good; and hence, to accomplish these objects, it should be construed most favorably:   Endlich on Statutory Construction, §§ 107, 346.   Statutes *in pari materia* must be construed together, and are treated, though separately enacted, as having formed in the minds of the legislative body parts of a connected whole:   *Smith* v. *Kelly,* 24 Or. 464, 33 Pac. 645; Sutherland on Statutory Construction, § 288; Endlich on Statutory Construction, § 47.   The object and purpose of the act of eighteen hundred and ninety-one was to correct any inequality of assessment and taxation in the several counties of the state:   *Or. & Cal. R. R. Co.* v. *Croisan,* 22 Or. 393, 30 Pac. 219; *Smith* v. *Kelly,* 21 Or. 464, Pac. 645; and, though apparently disconnected with the prior assessment laws, must be construed in connection with them, and in the light of the evils sought to be corrected; and hence such act, being the latest expression of the legislative will, must be held to modify said section 2789, and to authorize the governor, secretary of state, and state treasurer to apportion the state tax among the several counties upon the equalization made by the state board.

2.   It is further contended that inasmuch as the act of eighteen hundred and ninety-one prescribed certain duties to be performed by the secretary of state and the several county clerks, after the assessment has been equalized by the state board, which are not embraced in the title, that, therefore, so much thereof as undertakes to prescribe such duties is in violation of section 20 of article IV.* of the constitution.   The decision in *State* v. *Shaw,* 22 Or. 287, 29 Pac. 1028, settles this question against the defendant.   In that case it is held by BEAN,

---

* Constitution, article IV., section 20, provides that " every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title."

J., delivering the opinion of the court, that "if all the provisions of the law relate directly or indirectly to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, they will not be held unconstitutional as in violation of this clause of the constitution. This clause is not violated by any legislative act having various details properly pertinent and germane to one general object. The question is whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject." Tested by this rule, we fail to see any clear and palpable conflict between the constitution and the act of eighteen hundred and ninety-one. For these reasons the judgment should be affirmed, and it is so ordered.

AFFIRMED.

[Decided May 3, 1894; rehearing denied.]