[Argued July 25; decided August 2, 1894.]

## EX PARTE HOWE.

[S. C. 37 Pac. 536.]

1. LEGISLATIVE INTENT— CRIMINAL LAW — CODE, § 2465.—When a legislature has enacted that for a violation of duty a person shall, on conviction thereof, be "punished," it was manifestly intended that the proceedings should be on the criminal and not on the civil side of the court; section 2465, Hill's Code, then, creates a crime and provides for its punishment.

2. CONSTITUTIONAL LAW— TITLE OF ACT — STATE CONSTITUTION, ARTICLE IV, § 20.—The title of an amendatory act is sufficient if it refers to a particular section of an official compilation of laws, (*State* v. *Phenline*, 16 Or. 107, approved and followed,) and will not be objectionable to article IV, section 20, of the state constitution*, unless the provisions of the amendment are such as could not have been included in the original act.

3. CONSTITUTIONAL LAW — EMBRACING CIVIL AND CRIMINAL PROVISIONS IN SAME ACT.— A civil and criminal provision may be embraced in the same act: *O'Keefe* v. *Weber*, 14 Or. 55, approved and followed.

4. HABEAS CORPUS — PRESUMPTION OF REGULARITY OF PROCEEDINGS — CODE, § 628.— On appeal from a judgment refusing to discharge petitioner from arrest on a *habeas corpus* proceeding, where the return shows that peti-

* Constitution, article IV, § 20, reads: "Every act shall embrace but one subject, and matters properly connected therewith, which subjects shall be expressed in the title."

tioner is detained by virtue of several separate commitments, regular on their face, the presumption is in favor of the legality of such imprisonment; and since, under Hill's Code, § 628, making the return open to denial, petitioner could have shown, if the facts warranted, that the several commitments were for the same offense, but failed to do so, no presumption to that effect can be indulged in.

APPEAL from Klamath: W. C. HALE, Judge.

This is an appeal brought by Wm. E. Howe to reverse a judgment refusing to discharge him from arrest on a *habeas corpus* proceeding. From the petition it appears that on July ninth, eighteen hundred and ninety-four, one O. H. Harshbarger filed two informations with a justice of the peace of Klamath County, charging the petitioner with having on hand, as treasurer of said county, on the thirty-first day of March, and on the twelfth day of April, eighteen hundred and ninety-four, respectively, the sum of four thousand seven hundred and thirty-nine dollars, county funds applicable to the redemption of outstanding county warrants, and for more than ten days after said dates neglecting to give the notice required by section 2465 of Hill's Code. The petitioner was duly examined, and held to bail in the sum of one thousand dollars on each of the charges, and in default thereof committed to jail; and on July eleventh, eighteen hundred and ninety-four, J. T. Henley, John W. Wells, and Charles S. Moore each filed an information with the same justice of the peace, charging the petitioner, as such county treasurer, with having on hand on the thirteenth, twenty-third, and twenty-fourth of April, eighteen hundred and ninety-four, respectively, the sum of four thousand dollars for the redemption of such warrants, and for more than ten days after said dates neglecting to give the notice required by law. On each of these charges the petitioner was also held to bail in the sum of one thousand dollars, and in default thereof committed to jail. Upon the petition being filed, a writ of

*habeas corpus* was issued, and duly served upon the sheriff of said county, who. for his return, alleged that on the ninth day of July, eighteen hundred and ninety-four, he arrested the petitioner under a warrant of arrest issued by a justice of the peace of said county for violating section 2465, Hill's Code, and held him in his custody by virtue of five separate commitments issued and signed by said justice of the peace, copies of which he attached to and made a part of his return. A demurrer to the return being overruled, the court ordered the petitioner remanded to the custody of the officer, from which order he brings this appeal, claiming that he·is unlawfully restrained of his liberty because: (1) section 2465, as amended in eighteen hundred and ninety-three, does not make the neglect of a county treasurer to publish the notice required a crime; (2) the act of eighteen hundred and ninety-three is void because the subject thereof is not expressed in the title as required by section 20, article IV of the constitution; (3) matters of a criminal and civil nature cannot be included in the same legislative act; (4) the several delinquencies for which the petitioner was committed constitute but one offense, and therefore he could be held only on the first commitment.                    AFFIRMED.

*Mr. N. B. Knight (Messrs. F. A. Cogswell, and J. W. Hamaker on the brief), for Petitioner.*

*Mr. Henry L. Benson, district attorney, for the State.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. It is contended that the object and intent of the legislature, as expressed in the section referred to, was to provide a civil remedy against a defaulting county treasurer, and not to make his neglect of official duty a crime. It seems to us the language of the section is conclusive

upon this point. After providing that all county warrants indorsed ''Not paid for want of funds,'' shall draw interest from the date of such indorsement until the treasurer gives notice by publication in some newspaper printed or circulated in the county that there are funds to redeem such outstanding warrants, further provides that such notice shall be given when the county treasurer has as much as one thousand five hundred dollars belonging to the county, and then continues: ''Any county treasurer failing to comply with the requirements of this section for the period of ten days shall, upon conviction thereof, be punished by fine not less than five hundred nor more than one thousand dollars'': Laws, 1893, p. 60. The terms ''conviction'' and. ''punishment'' each have a well settled legal meaning, and are used in the law to designate certain stages and incidents of a criminal prosecution; and when the legislature declared that for a violation of his official duty a county treasurer should, on conviction thereof, be punished, it manifestly intended that the proceedings against him should be on the criminal, and not the civil, side of the court. That the legislature did not see fit to declare such delinquency either a misdemeanor or felony is of no con sequence in this proceeding. It provided what should constitute the offense, and the punishment, and this is sufficient.

2. The act of eighteen hundred and ninety-three is entitled ''An act to amend section 2465 of Hill's Annotated Laws of Oregon,'' and within *State* v. *Phenline*, 16 Or. 107, 17 Pac. 572, is not necessarily in violation of the constitution. Hill's Annotated Laws is an authorized compilation of the stautes of Oregon (Laws, 1885, p. 142), and to refer in the title of a legislative act to the particular section of such compilation sought to be amended is a sufficient state· ment of the subject for a mere amendatory act, and if the provisions of the amendment could have been included in

the original act without violating the constitution, it is valid: *State* v. *Laughlin*, 75 Mo. 358; *Yellow River Improvement Company* v. *Arnold*, 46 Wis. 214, 49 N. W. 971; *People* v. *Willsea*, 60 N. Y. 507.   Now, section 2465 is section 8 of an act entitled "An act in relation to county treasurers," approved January nineteenth, eighteen hundred and fifty-four, and it is clear that a provision in the act thus entitled, making a violation of any of the official duties of a county treasurer, as prescribed therein, a crime, and punishable as such, would not have been in violation of the provision of the constitution requiring the subject of an act to be expressed in the title: *State* v. *Shaw*, 22 Or. 287, 29 Pac. 1028.   Hence the act of eighteen hundred and ninety-three is not obnoxious to such constitutional provision.

3.   It is next contended that a civil and criminal provision cannot be embraced in the same act; but this question was considered and decided in *O'Keefe* v. *Weber*, 14 Or. 55, 12 Pac. 74, adversely to this contention, and therefore requires no further consideration.

4.   Finally, it is claimed that under any view the petitioner has committed but one offense, and should be discharged from the four other commitments.   The argument is that when a county treasurer neglects for ten days after he has one thousand five hundred dollars in county funds applicable to the redemption of outstanding warrants, to give the notice required by law, the crime is complete, and if he should thereafter keep the same money for any length of time, without giving another notice, it would constitute but one offense.   If it be conceded that this is a correct interpretation of the statute, it still does not appear that the petitioner's arrest and commitment was for neglecting to give a second or subsequent notice in respect to the same money.   The only question on this appeal arises on a demurrer to the return of the officer: *Merriman* v. *Morgan*,

26 Or.— 24.

7 Or. 68; *Barton* v. *Saunders*, 16 Or. 517, 16 Pac. 921. From the return it appears that the petitioner is detained by virtue of five separate commitments from a court of competent jurisdiction, regular and valid on their face, and the presumption is, therefore, in favor of the legality of such imprisonment, and the burden of impeaching its legality is on the petitioner: Church on Habeas Corpus (2d ed.), § 236. This return was, by virtue of section 628 of the statute, open to denial, or its justification to the sheriff might be controverted by the allegation of any fact showing either that the imprisonment was unlawful, or that the petitioner was entitled to be released. In such case the statute requires the court to proceed in a summary way to hear such evidence as may be produced in support of or against the imprisonment or restraint, and dispose of the case as law and justice may require. Under this provision of the statute the petitioner could have alleged and shown, if the facts warranted, that the several commitments were for the same offense, but not having done so this court can not indulge in any presumptions to that effect. Each of the charges against the petitioner may have been for a separate violation of the statute, and there is nothing in the proceedings to show that they were not. From these conclusions it follows that the judgment of the lower court must be affirmed.          AFFIRMED.