Argued March 15; decided April 5, 1897.

STATE *v.* ROBINSON.

[48 Pac. 357.]

1. STATUTORY CONSTRUCTION — TITLE OF ACT. — Where it is required that every act shall have a title expressing the subject matter, such title is necessarily a part of the act, and may render important aid in determining the legislative intent, when the body of the act is uncertain.

2. TITLE OF AMENDATORY STATUTE. — Where the title clearly shows that an act is intended to amend a particular law, it is immaterial that the body of the act does not so declare. In other words, it is not necessary that an act shall within itself purport to be amendatory of an existing statute, to be effective as such, if it can be ascertained from a consideration of the act with its title what was intended to be done.

3. STATUTORY CONSTRUCTION. — The act of 1895, relating to rape (Laws 1895, p. 67), is not an original act defining a crime and providing for its punishment, but is amendatory of section 1733, of Hill's Annotated Laws of Oregon.

4. TITLE OF AMENDATORY STATUTE.— Laws 1895, p. 67, entitled "An act entitled an act to amend section 1733 of chapter XI of title XI of the Criminal Code of Oregon, as compiled and annotated by William Lair Hill," is not void because there is no such title or chapter in that Code, since the reference to the title and chapter may be disregarded as surplusage, and the title still be sufficient, as it purports to amend a particular section of an official compilation of law: *ex parte Howe*, 26 Or. 181, applied.

5. RAPE—EVIDENCE OF CORPUS DELICTI.—Evidence that the prosecutrix on a trial for rape was delivered of a child a short time before the trial is admissible in connection with the evidence that she was under the age of consent at the time of the trial as tending to prove the *corpus delicti*.

6. CORROBORATIVE EVIDENCE.—On a prosecution for rape committed on a child under the age of consent, evidence of acts of sexual intercourse between the defendant and the prosecutrix other than the one charged are admissible for the purpose of showing the relation of the parties, and to corroborate the testimony of the prosecutrix.

7. EVIDENCE BEFORE GRAND JURY.—The voluntary statements of a defendant before the grand jury that indicted him are admissible, so far as they are against his interest.

8. DISCRETION AS TO EXAMINING WITNESSES.—The matter of permitting witnesses to be recalled for further cross examination after having been fully cross examined and excused from the stand is within the sound discretion of the trial court, and that discretion does not appear to have been abused in this case.

9. PRACTICE ON MOTION TO ACQUIT—OBJECTION IN SUPREME COURT.—Failure of proof in a certain particular in a criminal case to be available to defendant on appeal must be specified in the court below as a ground of the motion for an order to acquit: *State* v. *Tamler*, 19 Or. 529, followed.

10. OPINION EVIDENCE.—In a prosecution for carnally knowing a female child under a given age, opinion evidence is not admissible as to the age of the prosecutrix, when she was present and testified, since the jury can determine for themselves how old she is.

11. PRACTICE IN CHARGING JURY.—A conviction will not be reversed because the court, in defendant's presence, re-read a portion of the charge already given as to the materiality of a date named in the indictment, although the better practice is for the court not to communicate with the jury except when defendant and his counsel are both present.

From Marion: GEORGE H. BURNETT, Judge.

Andrew Robinson having been convicted of the crime of rape on a child under the age of consent, appeals.

AFFIRMED.

For appellant there was a brief over the name of *Mr. George G. Bingham*, with an oral argument by *Mr. O. H. Irvine*.

For the State there was a brief and an oral argument by *Messrs. Cicero M. Idleman*, attorney general, and *S. L. Hayden*, district attorney.

MR. JUSTICE BEAN delivered the opinion.

The defendant was indicted for and convicted of the crime of rape by carnally knowing a female child under the age of sixteen years, and, having been sentenced to imprisonment in the penitentiary, brings this appeal to reverse the judgment. The conviction was had under the act of 1895 ( Laws 1895, p. 67) entitled "An act entitled an act to amend section 1733 of chapter XI of title XI of the Criminal Code of Oregon, as compiled and annotated by William Lair Hill," and is as follows: "Be it enacted by the legislative assembly of the State of Oregon :   Section 1733.   If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years, or any person shall forcibly ravish any female, such person shall be deemed guilty of rape, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than three nor more than twenty years."

1. At the outset it is contended by the defendant that although this act purports by its title to be amendatory of section 1733 of the Criminal Code, it is in fact an original act defining the crime of rape and providing for its punishment, and is therefore void because the subject is not expressed in the title. The argument seems to be that a failure to declare in the body of a legislative act that it is amendatory of an existing statute necessarily renders it inoperative as such, but our attention has not been called to any decision or constitutional provision to that effect. It is quite true that ordinarily an amendatory act shows in the body its character, by declaring that a designated act or section of an existing statute is to be amended; but an error or omission in this respect is immaterial where it is otherwise apparent that it was so intended, and it can be ascertained definitely what section the legislature intended to amend. For this purpose resort may be had to the title, where, from the body of the act, the intent of the legislature is doubtful or obscure. By the constitution of this state, every act is required to have a title expressing the subject matter. The title, therefore, is necessarily a part of the act, and renders very important aid, if need be, in its construction, or in determining the legislative intent: Endlich on Interpretation of Statutes § 58; *Eby's Appeal*, 70 Pa. St. 311; *Halderman's Appeal*, 104 Pa. St. 251; *Binz* v. *Weber*, 81 Ill. 288; *Mathis* v. *State*, 31 Fla. 281 (12 South. 681). As said by Mr. Chief Justice MARSHALL in *United States* v. *Fisher*,

6 U. S. ( 2 Cranch ) 538:   " When the mind labors
to discover the design of the legislature, it seizes
everything from which aid can be derived; and in
such case the title claims a degree of notice, and
will have its due share of consideration." And in
*United States* v. *Palmer,* 16 U. S. ( 3 Wheat ). 610,
the same learned justice said:  " The title of an act
cannot control its words, but may furnish some aid
in showing what was in the mind of the legisla-
ture." And in *Eby's Appeal,* 70 Pa. St. 311 Mr.
Justice SHARSWOOD, speaking for the court, said :
" However it was in England, where the title was
held to be no part of a statute, indeed was com-
monly framed by the clerk of Parliament after the
bill had passed, without any vote being taken upon
it, certainly since the first amendment of the con-
stitution adopted in 1864 ( Art. XI, Sec. 8) it is
now necessarily a part of the act, and a very im-
portant guide to its right construction." These
and other authorities which might be cited fully
sustain the right, and make it the duty, of the
court to look at the title of a law for the purpose
of ascertaining the intention of the legislature,
when the body of the act leaves it uncertain.

2.   In *Wilson* v. *Spaulding,* 19 Fed. 304, resort was
had to the title of an amendatory act of congress
for the purpose of showing that a mistake had been
made in the body thereof in designating the partic-
ular law to be amended, and it was held that by
reading the body of the act and the title together,
the intent to amend the section designated in the
title, and not the one mentioned in the body of the

act, was apparent, and the law was given effect as such. Indeed, in this, as in all similar cases where the requirements of the constitution have been complied with in the enactment of a law, the controlling question is whether the legislative intent can be clearly ascertained, or whether the act is void for uncertainty. The practice of declaring in the body of an amendatory law that it is an amendment of a particular act or section serves no other purpose than to render certain the design of the legislature, and, when that is otherwise clearly apparent, the law should not be disregarded because it fails to conform to this general practice. Where there is no objection on constitutional grounds, a failure to observe some mere matter of form of this character will not operate to defeat the legislative intent, when such intent is otherwise apparent: *Madison Plank Road Company* v. *Reynolds,* 3 Wis. 258; *School Directors* v. *School Directors,* 73 Ill. 249.

3. Applying these rules to the case in hand, its solution presents no difficulty. It is apparent from the title that the act in question was designed to amend section 1733 of the Criminal Code, defining the crime of rape, and, reading the title in connection with the body, there can be no mistaking the legislative intent. There is but one section 1733 in the Criminal Code, and that has reference to the crime referred to and its language is copied into and made a part of the act of 1895, with the exception that the age of consent of a female is raised from fourteen to sixteen years, and it is provided

that a male, to be guilty of the crime therein defined, shall be over that age.

4. A suggestion was made at the argument that the title was insufficient, even as an amendatory act, because it refers to section 1733 as being part of chapter II, title XI, of the Criminal Code, where there is in fact no such title or chapter in that Code. But this is a mere mistake in the engrossment of the bill, and is immaterial, as all reference to the chapter and title can be wholly disregarded as surplusage, and a good and sufficient title still remain: *Ex parte Howe*, 26 Or. 181 (37 Pac. 536). In our opinion, therefore, the act of 1895 is a valid legislative enactment, amendatory of section 1733 of the Criminal Code, and the objection to the prosecution in this case on that ground must fail.

Upon the merits there are numerous assignments of error in the record, based upon the rulings of the court made during the progress of the trial, and it will be most convenient to consider briefly such of them as were relied upon in the argument in the order in which they were presented.

5. It is claimed that the court erred in permitting the prosecutrix to prove by herself, as well as by the superintendent of the Boys' and Girls' Aid Society of Portland, and by the attending physician, that she was delivered of a child a short time before the trial. This evidence was clearly competent; the state had previously given evidence tending to show that the prosecutrix was at the time under the age of fifteen years, and, if this

was true, the birth of her child was conclusive evidence that the crime charged in the indictment had been committed by some one.

6. It is next insisted that the court was in error in allowing the prosecution to give evidence tending to show more than one act of criminal intercourse between the defendant and the prosecutrix. The reason assigned for the objection to this testimony is that it violates the rule which prohibits evidence of a distinct crime unconnected with that alleged in the indictment to be given against the prisoner. As a general rule, the principle invoked is unquestioned, although there are in fact many exceptions which it is unnecessary to attempt to point out at this time, as the authorities fully sustain the competency of the evidence offered and admitted in this case, not for the purpose of proving a different offence, but to show the relation and familiarity of the parties, and as corroborative of the prosecutrix' testimony concerning the particular act relied upon for a conviction: *Strang* v. *People*, 24 Mich. 6; *People* v. *Abbott*, 97 Mich. 484 (56 N. W. 862, 37 Am. St. Rep. 360); *Commonwealth* v. *Merriam*, 14 Pick. 518 (25 Am. Dec. 420); *Hardtke* v. *State*, 67 Wis. 552 (30 N. W. 723); *Taylor* v. *State*, 22 Tex. App. 529 (3 S. W. 753, 58 Am. Rep. 656); *People* v. *O'Sullivan*, 104 N. Y. 481 (10 N. E. 880, 58 Am. Rep. 530). It was for this purpose alone the evidence in question was admitted, as expressly stated at the trial court at the time, and as subsequently fully explained to the jury in the charge.

7. H. G. Sonneman, clerk of the grand jury which returned the indictment against the defendant, was called as a witness, and permitted, over defendant's objection, to testify as to what he said before the grand jury concerning the age of the prosecutrix. This testimony was competent. So far as the record discloses, the statements of the defendant referred to were voluntarily made by him, and, so far as they were against his interest, were competent evidence on the trial.

8. After the prosecutrix had testified in chief, and been fully cross-examined and excused from the stand, the defendant's counsel asked permission to recall her for further cross-examination, but the court refused to permit him to do so, and this ruling is assigned as error. This was a matter within the sound discretion of the trial court, and there is nothing in this record to show that it was abused.

9. There is obviously nothing in the objection, made in this court for the first time, that the prosecution did not prove that the ·defendant was over the age of sixteen years at the time the crime is charged to have been committed. He was necessarily present in court, and the jury were no doubt able to determine from his appearance that he was over the statutory age. But, however that may be, the question cannot be raised in this court for the first time. If there was a failure of proof in this particular it should have been specified in the court below as a ground for the motion for an order to acquit. The practice in such cases

was considered by this court in *State* v. *Tamler*, 19 Or. 528 (25 Pac. 71), and it is there said: "In a motion asking the court to direct an acquittal, where it is claimed that the evidence is insufficient to prove the crime charged, it ought to specify the particulars in which it is claimed the evidence is insufficient, unless there is a total failure of proof; otherwise the attention of the trial court will be directed to the evidence as a whole, that is, whether there is any evidence upon which a verdict may be founded, and wholly omit to consider the particular matter in which the alleged insufficiency consists, and which is relied upon in this court, and perhaps subsequent research may have suggested." And further on in the same opinion it is said: "The law should not permit a party to make a general motion, as in this case, and lie by without making the particular grounds of his motion known to the court, and take the chances of success on the grounds which the judge may think proper to put his ruling, and then, if he fails to succeed with either court or jury, avail himself of an objection which, if it had been stated, might have been removed. This works no injustice to a party, for if there be merit in his motion or objection, he has the full benefit of it, and if there be no merit, he certainly ought not to succeed."

10.  Joseph Underwood was called as a witness for the defense, and asked to give his opinion as to the age of the prosecutrix, but the court refused to permit the witness to answer, and this ruling is assigned as error. This was not a case for the ad-

mission of opinion evidence as to the age of a
person. The prosecutrix was present at the trial,
and testified at great length, and the jury were
just as competent to form an opinion as to her
age from her size, appearance, and development, as
the witness.     The rule that any witness, after care-
fully describing the appearance of an absent person
may give an opinion as to his age, is unquestioned;
but it was not error to exclude such testimony in
the case at bar, where the person whose age was in
controversy was present at the trial, as it would have
been of no substantial aid to the jury.

11. It is the better practice, after a cause has
been submitted to the jury, for the court to refrain
from giving any additional instructions, or even to
re-read a part of the charge already given to them,
unless in the presence of defendant and his coun-
sel, but no substantial injury could have resulted
in this case on that account. The defendant was
present in person at the time, and the court sim-
ply re-read a portion of the general charge already
given as to the materiality of the date named in
in the indictment.

The defendant's motion for an instruction to the
jury to render a verdict of acquittal was properly
overruled. There was abundant evidence tending
to show the commission of the crime charged by
the defendant, the weight and value of which was
for the jury and not the court. The remaining
assignments of error are equally without merit. In
the general charge to the jury the court clearly
and concisely stated the law of the case, and in our

opinion no error was committed either in the giving or refusal of instructions. After a careful examination of all the assignments of error in the record, we are of the opinion that no substantial error was committed in the trial of this cause, and therefore the judgment is affirmed.

AFFIRMED.