Argued 17 October, decided 21 November, 1906.

## MURPHY *v*. SALEM.

### 87 Pac. 532.

Error in Printing Oregon Constitution.

1. In printing the Constitution of Oregon in the Bellinger & Cotton compilation of laws, the word "subject." in Art. IV, § 20, line 2, on page 41, has been made plural instead of singular as it appears in the orig'nal enrolled copy of the constitution.

Statutes—Title—Plurality of Subjects.

2. Sp. Laws 1903, p. 337, was entitled, "An act to amend" certain specified sections "of an act entitled 'An act to incorporate the C'ty of Salem,' and to repeal an act entitled 'An act to incorporate the City of Salem,' approved October 15, 1862, and an act entitled 'An act to incorporate the City of Salem,' approved February 15, 1893, and to repeal all acts and parts of acts in conflict therewith,' approved February 17, 1899, and to amend," certain specified subdivisions of such "act as amended by" certain other sections "of an act entitled 'An act to amend [certain sections] of the * * act,' approved February 15, 1901." Section 1 of the act of 1903 amended the act incorporating the City of Salem by extending the territorial limits thereof so as to include plaintiff's land. *Held,* that the act of 1903 was not in violation of Const. Or. Art. IV, § 20, requiring that every act shall embrace but one subject, which shall be clearly expressed in its title, etc.

Titles of Amendatory Acts.

3. The title to an amendatory act is sufficient if it refers to the particular section it is intended to alter, and it will not violate Const. Or. Art. IV, § 20, requiring that every act shall embrace but one subject, which sha'l be expressed in its title, unless the provisions of the amendment are such as could not have been included in the original act as matters properly connected therewith.

Title of Amendatory Act—Effect of Slight Error—Construction.

4. A slight immaterial error in the title of a legislative act, one that evidently did not mislead or deceive any intelligent person, ought not to be considered as affecting the validity of such act.

Sp. Laws 1899, p. 921, was entitled "An act to incorporate the City of Salem," and to repeal an act entitled "An act to incorporate the City of Salem," approved October —, 1862, etc., and to repeal all acts and parts of acts in conflict "herewith." Special Laws 1903, p. 337, amending the former act, in purporting to set out its title introduced the number "15" in the space between the word "October" and the number "1862" and changed the word "herewith" to "therewith." *Held,* that the insertion of such number and the substitution of the word were not such defects as should defeat the amendment.

MUNICIPAL CORPORATIONS—INCORPORATION ACT—ALTERATION—POWERS
OF TAXATION—CREDIT.
5. Laws 1903, p. 337, § 23, amending the act incorporating Salem,
provides that the common council shall not create any debt or liability,
provided that at the end of each year an estimate shall be made of the
actual revenues to be derived from all sources, and from the total of that
estimate the total of fixed charges shall be deducted, and the disburse-
ments of the c'ty council shall be restricted to the balance; that no debt
shall be contracted in excess of the estimated revenues, except in case of
an emergency, etc., and that the indebtedness of the city sha'l not exceed
$20,000, except as provided by Section 6, which authorizes the contracting
of indebtedness for the purpose of obtaining control of public utilities.
*Held*, that such act is not in violation of Const. Or. Art. XI, § 5, providing
that acts for the incorporation of cities and towns shall restrict their
powers of taxation, borrowing money, contracting debts, and loaning their
credit, for evidently there is a restriction provided here that seemed suffi-
cient to the legislature.

From Marion: WILLIAM GALLOWAY, Judge.

Suit by J. E. Murphy against the City of Salem. From a judgment in favor of defendant, plaintiff appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. William Henry Holmes* and *Mr. Myron Edwin Pogue.*

For respondents there was a brief over the names of *Tilmon Ford, W. T. Slater, W. M. Kaiser* and *John H. McNary,* with oral arguments by *Mr. Ford* and *Mr. McNary.*

MR. JUSTICE MOORE delivered the opinion.

This is a suit by J. E. Murphy against Charles Lembcke, John W. Roland and W. J. Culver, as assessor, clerk and sheriff, respectively, of Marion County, and also against the City of Salem, to enjoin the assessment of plaintiff's real property and the levy thereon or the collection therefrom of any municipal tax, and involves the constitutionality of an act of the legislative assembly (Sp. Laws 1903, p. 337), attempting to amend the charter of that city so as to include within its boundaries plaintiff's premises, containing about 23 acres of farm land and having thereon a dwelling house, barn, outbuildings and a tile factory. The cause was tried on an agreed statement of facts, resulting in a decree dismissing the suit, and plaintiff appeals.

It is maintained by his counsel that the title of the act re-

ferred to contravenes Section 20 of Article IV of the organic law of the state, in that it is insufficient to support the provisions of the attempted enactment. The act complained of is entitled as follows:

"An act to amend Sections two (2), five (5), six (6), eight (8), ten (10), fifteen (15), twenty-three (23), twenty-five (25) and seventy-four (74), of an act entitled 'An act to incorporate the City of Salem, and to repeal an act entitled An act to incorporate the City of Salem, approved October 15, 1862, and an act entitled An act to incorporate the City of Salem, approved February 15, 1893, and to repeal all acts and parts of acts in conflict therewith,' approved February 17, 1899; and to amend subdivisions nine (9) and fourteen (14) of Section six (6) and Sections five (5), fifteen (15), twenty-five (25) and seventy-four (74) of said act as amended by Sections one (1), two (2), three (3), four (4), five (5) and ten (10) of an act entitled 'An act to amend Section five (5), subdivisions nine (9) and fourteen (14) of Section six (6), and Sections fifteen (15), twenty-five (25), twenty-seven (27), thirty-one (31), forty-seven (47), sixty-one (61) and seventy-four (74) of the aforesaid act,' approved February 15, 1901."

The clause of the fundamental law so claimed to have been infringed is published as follows:

"Every act shall embrace but one subject, and matters properly connected therewith, which subjects shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title": Const. Or. Art. IV, § 20 (B. & C. Comp. p. 41).

The act under consideration, so far as deemed material, is as follows:

"Section 1. That Section two (2) of the said act incorporating the said City of Salem, Oregon, be amended so as to read as follows:

'Sec. 2. The limits of the said city shall be as follows,'— setting out the boundaries of the city as given in the act of February 17, 1899: Laws 1899, p. 921.

Provided, that on and after the first day of October, 1903, the limits of said city shall be as follows"—particularly describ-

ing the boundaries so as to include, with other premises, plain-tiff's land.

1. It is stated in the brief of plaintiff's counsel that the framers of the constitution, in the clause thereof hereinbefore quoted, having selected the word "subjects," which must be ex-pressed in the title of an act, the plural form thus adopted necessitated a declaration in the title in question that the act incorporating the City of Salem was not only to be amended, but that the boundaries of the municipality were also to be enlarged. A very ingenious argument, founded on the use of the word "subjects" was rendered ineffectual at the trial by an examina-tion of the enrolled copy of the constitution which discloses that the singular form only of that word is there used, and that a mistake has been made in publishing this clause of the organic law. It will be remembered that the author of the act now under consideration in framing the bill set out in Section 2 thereof the entire section of the same number as it then existed (Laws 1899, p. 921), and also displayed the section as it was to be amended. The degree of care manifested in thus pre-senting the original section and the proposed amendment in the bill evinces an abundance of caution that is not usually exer-cised in preparing measures for enactment.

2. In *Montgomery* v. *State,* 107 Ala. 372 (18 South. 157), in construing clauses of a constitution which provided that "each law shall contain but one subject which shall be clearly ex-pressed in the title," and also required an amended law to be "re-enacted and published at length," it was held that setting out in an act as altered, without reciting the old law as it stood before the amendment, was a sufficient compliance with the re-quirements of the fundamental law. The manner of stating the amendment of the boundaries, set out in the act of February 7, 1903, is not material to a decision herein, and is mentioned only because of a criticism thereof in plaintiff's briefs. Unusual care seems to have been exercised in this respect, and as the organic law declares that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended

shall be set forth and published at full length" (Const. Or. Art. IV, § 22), the amendment strictly complies with this requirement.

3. The title of an amendatory act is sufficient if it refers to the particular section it is intended to alter and is not violative of Article IV, Section 20, of the fundamental law of the state, unless the provisions of the amendment are such as could not have been included in the original act as matters properly connected therewith: *David* v. *Portland Water Committee,* 14 Or. 98 (12 Pac. 174); *State* v. *Phenline,* 16 Or. 107 (17 Pac. 572); *Ex parte Howe,* 26 Or. 181 (37 Pac. 536); *State* v. *Robinson,* 32 Or. 43 (48 Pac. 357). Any amendment that introduces new subject-matter into an act is not germane thereto, and could not have been included in the original statute: 14 Am. & Eng. Enc. Law (2 ed.), 1004, note 4; 20 Cyc. 1187, note 97. Thus, under a constitution which provided that "each law shall contain but one subject which shall be clearly expressed in the title," an act regulating the trial of misdemeanors cannot, by a mere reference to the title, be amended so as to provide for the trial of felonies: *Harper* v. *State,* 109 Ala. 28 (19 South. 857). So, too, an act regulating the taking and catching of fish in inland lakes, cannot be amended. unless the title is disclosed, so as to include other waters than such lakes: *Fish* v. *Stockdale,* 111 Mich. 46 (69 N. W. 92).

4. Before resorting to this rule, to determine whether or not the amendment complained of in Section 2 of the act of February 17, 1903, introduces new subject-matter into the original act, it becomes necessary to consider the title of the amendatory statute. The title of the act attempted to be amended is as follows:

"An act to incorporate the City of Salem, and to repeal an act entitled 'An act to incorporate the City of Salem,' approved October, 1862, and an act entitled 'An act to incorporate the City of Salem,' approved February 15, 1893, and to repeal all acts and parts of acts in conflict herewith": Laws 1899, p. 921.

A comparison of this title with that of the amendatory act (Sp. Laws 1903, p. 337), as hereinbefore set out, will show that

the latter title, in purporting to detail the former, introduces the number "15" in the space between the word "October," and the number "1862," and also changes the last word quoted from "herewith" to "therewith." It is contended by plaintiff's counsel in argument that the substitution of the latter word for the former was such an error as to defeat the amendment. Statutes, like all other writings, are not to be overthrown on account of errors, mistakes or omissions therein, if the intention of the legislative assembly can be collected from the entire language used: Endlich, Interpret. Stat. § 302; Sutherland, Stat. Const. § 260; *State* v. *Robinson,* 32 Or. 43 (48 Pac. 357); *School Directors* v. *School Directors,* 73 Ill. 249. We think the very slight error in the title of the amendatory act is immaterial, and that the members of the legislature could not possibly have been misled or deceived in any manner thereby. Section 2 of the original act treats only of the boundaries of Salem, and the amendment, though enlarging the municipal territory, relates exclusively to the limits of the city, and is therefore germane to the original act, and does not introduce any new matter therein: *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028); *State* v. *Linn County,* 25 Or. 503 (36 Pac. 297); *Simon* v. *Northup,* 27 Or. 487 (40 Pac. 560; 30 L. R. A. 171). The amendment does not, in our opinion, violate the spirit or letter of Sections 20 or 22 of Article IV of the state constitution.

5. It is insisted by plaintiff's counsel that Section 23 and subdivision 6 of Section 6 of the amended act trench upon the following clause of the fundamental law of the state:

"Acts of legislative assembly incorporating towns and cities shall restrict their powers of taxation, borrowing money, contracting debts and loaning their credit": Const. Or. Art. XI, § 5.

The provisions of the amendatory act thus challenged are, so far as deemed necessary to a decision here, as follows:

"Sec. 23. The common council shall not in any manner create any debt or liability; provided, that at the end of each year an estimate shall be made of the actual revenues to be derived from all sources, and from the total of that estimate the total of fixed charges shall be deducted, and the disbursements

of the city council shall be restricted to the balance.   No debt shall be contracted in excess of the estimated revenue, except in the case of an emergency or unforeseen calamity, or except as otherwise provided therein; the council may call an election to determine whether the city shall incur an indebtedness to meet such an emergency or calamity or the acquisition of a public utility; and upon two-thirds of those persons who are qualified voters of, and who pay taxes on property within, said city voting at said election being in favor of authorizing the council to incur the proposed indebtedness, they may then contract the same; but said indebtedness shall not exceed the sum of $20,000, except as provided in subdivision six (6) of Section six (6) of this charter. * *"

The material parts of the clause of the section thus referred to are as follows:

"6. The common council may have power to contract for water and light for city purposes, or to lease, purchase or construct a plant or plants for water or light, or both, for city purposes, in or outside the city limits.   The council of the City of Salem shall, at all times, under the limitations herein set out, have power to provide, by ordinance, for lighting the streets, and all public and private places in the city, and furnishing water to the inhabitants thereof; to provide for the acquisition, ownership, construction and maintenance of waterworks, gas works, electric light works, steam, water or electric power works, heating works, telephone lines, street railways, bridges and ferries, and such other public utilities as the council may designate, and to issue bonds therefor; provided, however, no contract or agreement for the purchase, condemnation, ownership, construction or operation by the city of any public utility shall be entered into, nor bonds be issued therefor, by the council without first submitting such proposed contract or agreement to the qualified voters of the city. * * In case the vote shall be in favor of acquiring such public utility, then the proposition submitted receiving a majority of the votes cast upon the alternative propositions submitted shall be adopted.   The council, in submitting propositions to the electors for the acquisition thereof, shall specify therein the amount of the proposed bonded indebtedness, the rate of interest thereon, and whether such bonded indebtedness shall be incurred.   At least two-thirds of the electors voting thereon at such election shall be necessary to secure such acquisition, and to warrant the issuance of municipal bonds therefor. * *"

A perusal of these provisions will show an intent on the part of the legislative assembly to restrict the taxing power of the city, and, as the limitation prescribed was a matter within the discretion of the legislature, with which the courts will not ordinarily interfere, the section and clause inveighed against do not contravene the fundamental law invoked to annul them: *Lent* v. *Portland,* 42 Or. 488 (71 Pac. 645) ; *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710, 75 Pac. 222).

Other questions are discussed in the brief of plaintiff's counsel, but deeming them unimportant or not involved herein, the decree is affirmed.                                    AFFIRMED.