PEOPLE v. THOMPSON.

1. CRIMINAL LAW—TELEPHONE CONVERSATION ADMISSIBLE IF IDENTITY OF PERSON WITH WHOM WITNESS WAS SPEAKING IS ESTABLISHED.

A conversation over the telephone is admissible, unless otherwise objectionable, provided the identity of the person with whom the witness was speaking is satisfactorily established.[1]

2. SAME—ADMISSION OF TELEPHONE CONVERSATION ERROR WHERE IDENTITY NOT ESTABLISHED.

In a prosecution for perjury under 3 Comp. Laws 1915, § 11383, in making sworn application for a license to marry under section 11377 et seq., it was reversible error to admit in evidence a telephone conversation with one claiming to be defendant, where the witness did not know defendant's voice, there was no corroborative evidence, and defendant denied having said conversation.[2]

3. SAME—PERJURY—QUESTION AS TO AGE OF GIRL BY APPEARANCE NOT ERROR WHERE SHE WAS ON STAND.

In a prosecution for falsely swearing, in an application for a marriage license, that the prospective bride was 16 years old, if defendant claimed to have been innocently mistaken, he was entitled to an answer to the question, asked the clerk who issued the license, whether there was anything in her appearance that would indicate to him that she was under 16; and where she was at the trial and on the witness stand there was no reversible error in asking said question.[3]

Exceptions before judgment from Oceana, Vanderwerp (John), J.    Submitted April 16, 1925.  (Docket No. 116.)    Decided May 14, 1925.

Ralph Thompson was convicted of perjury.    Reversed.

[1]Criminal Law, 16 C. J. § 1093; Evidence, 22 C. J. § 160; [2]Criminal Law, 16 C. J. § 1093; Id., 17 C. J. § 3662; Evidence, 22 C. J. § 160; [3]Criminal Law, 16 C. J. § 1533; Id., 17 C. J. § 3680.
On necessity and sufficiency of identification as a foundation for the admission of a conversation or communication by telephone, see notes in 6 L. R. A. (N. S.) 1180; L. R. A. 1918D, 720.

*Willard G. Turner, Jr.,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Earl C. Pugsley,* Prosecuting Attorney, for the people.

CLARK, J.     Defendant made sworn application to the county clerk of Oceana for a license to marry.     3 Comp. Laws 1915, § 11377 *et seq.*     He gave the bride's age as 16.     She accompanied him to the county clerk's office as did also her mother, who consented in writing to the marriage.     Act No. 195, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 11378).     The parties were married.     The bride was younger than 16 years. Defendant was prosecuted for perjury under section 11383, 3 Comp. Laws 1915.     His exceptions before sentence relate chiefly to claimed errors in admitting and rejecting testimony.

Defendant testified in substance that the girl told him she was 16, and that he believed her, and, accordingly and innocently, gave that as her age in his application.     His wife's testimony is fully corroborative.     The mother testified that she did not reveal the true age.

To show that defendant made the application wilfully and with knowledge of its falsity, the county clerk of Muskegon was permitted to testify over objection that shortly before the making of the application in question, he, in the city of Muskegon, received a telephone call, and, quoting:

"I had a telephone call from a man who purported to be Thompson asking me to go back to the office and issue him a marriage license.     It was Saturday afternoon.     Our office is closed Saturdays at noon, so to save trouble, I asked him the preliminary questions that would be necessary to obtain such a license. Among them was his place of residence, and that was answered by stating that he was at the coast guard station at Muskegon, and where the girl lived and their names, their age.     *    *    *

231—Mich.—17.

"He gave the girl's age as either fourteen or fifteen. I am not certain about that.   I told him then that the girl could not obtain—or that he could not obtain a license to marry a girl of that age, and he answered that he had her mother's consent.   *   *   *   This man said his name was Thompson, and that he was located at the coast guard station at Muskegon."

The county clerk did not know defendant's voice. Defendant testified: "There was no one working at the station by the name of Thompson," perhaps he means no one else there of that name, for he also said that he was employed there.

A conversation over the telephone is admissible, unless otherwise objectionable, provided the identity of the person with whom the witness was speaking is satisfactorily established.   22 C. J. p. 193.   It is generally held that the person may be recognized and identified by his voice if the witness is acquainted with it.    There is a class of cases where an inference of identity is raised making a *prima facie* showing where a person is called from the telephone directory by number corresponding to his name and address and the party responds, informing the witness that he is the party called.   See *Theisen* v. *Detroit Taxicab & Transfer Co.*, 200 Mich. 136 (L. R. A. 1918D, 715). In other cases "particular additional circumstances may suffice to complete the gap."   3 Wigmore on Evidence, § 2155.

The circumstances of the case at bar are not sufficient to establish identity.   Defendant denied having called.   There is no evidence by the utility or by others that such a call was made by defendant from the coast guard station or elsewhere.   The fact of his association with the girl was known by others.   It is not shown that the matter communicated could have been known only by the defendant. There is no corroboration by prior or subsequent conversation or communication between the person and

the witness.    The evidence of the clerk was hearsay. In principle the case is like *Miller* v. *Kelly*, 215 Mich. 254.    See, also, *Maukes* v. *Fishman*, 163 App. Div. 789 (149 N. Y. Supp. 228) ; 6 L. R. A. (N. S.) 1180, note; and L. R. A. 1918D, 720, note; 22 C. J. p. 193.

The testimony should have been excluded.    It was prejudicial.    It served to characterize, in the main, defendant's statement as being wilfully false.

The clerk of Oceana who issued the license was asked by defendant's counsel, "There wasn't anything in her appearance that would indicate to you that she was under sixteen?" to which objection was made and sustained.    If we merely assume that because defendant claimed to have been innocently mistaken as to the age of the bride, he was entitled to an answer to the question (3 Chamberlayne on Modern Law of Evidence, § 2045), still the incident is not reversible error, for the person in question was at the trial and on the witness stand.    *State* v. *Robinson*, 32 Or. 43 (48 Pac. 357) ; 16 C. J. p. 750.

Other questions are not likely to arise again.

The conviction is set aside and the cause remanded.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.