Argued September 30, affirmed October 19, rehearing denied
November 23, 1926.

## STATE *v.* WILLIAM EATON AND ED. FLOWERS.

(250 Pac. 233.)

**Constitutional Law.**

1. Presumption is in favor of validity of legislative act, and its clear repugnancy to Constitution must be shown.

**Statutes.**

2. Title of statute is sufficient if the matter is reasonably connected with and germane to the title, under Constitution, Article IV, Section 20, requiring act to embrace but one subject to be expressed in title.

**Statutes.**

3. Unless provisions of amendatory act are such as could not have been included in original act as matters properly connected therewith, title is sufficient if it refers to section amended, under Constitution, Article IV, Section 20.

**Statutes—Statute Providing Penalty for Setting Up and Operating Distillery for Purpose of Manufacturing Intoxicating Liquor for Beverage Purposes, Held Constitutional, Since It is Included Within Scope of and is Germane to Title of Original Act (Laws of 1925, p. 234, Amending Laws of 1923, p. 48, § 7; Const., Art. IV, § 20).**

4. Laws of 1925, page 234, amending Laws of 1923, page 48, Section 7, providing penalty for setting up and operating distillery for purpose of manufacturing intoxicating liquor for beverage purposes, *held* not violative of Constitution, Article IV, Section 20, since it is included within scope of and is germane to title of original act.

**Intoxicating Liquors.**

5. Laws of 1925, page 234, providing penalty for setting up and operating a distillery, do not amend Laws of 1923, page 50, Section 13, providing penalty for violation of other provisions of that act.

Constitutional Law, 12 C. J., p. 791, n. 19, p. 795, n. 33.

Statutes, 36 Cyc., p. 1027, n. 21, p. 1029, n, 25, p. 1030, n. 30, p. 1031, n. 32, p. 1058, n. 67, p. 1059, n. 68.

From Multnomah: GEORGE W. ROSSMAN, Judge.

1.  See 8 R. C. L. 78.
2.  See 25 R. C. L. 850.
3.  See 25 R. C. L. 869.

Department 2.

The defendants were indicted, tried and convicted of the crime of setting up and operating a distillery for the purpose of manufacturing intoxicating liquor, in violation of Section 7, Chapter 30, General Laws of Oregon 1923, as amended by Chapter 157, General Laws of Oregon 1925. They appeal from a judgment of sentence to a term of one year in the penitentiary.    AFFIRMED. REHEARING DENIED.

For appellants there was a brief and oral argument by *Mr. W. N. Gatens.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with oral arguments by *Mr. Clarence A. Beckman* and *Mr. Jay H. Stockman,* Deputies District Attorney.

BEAN, J.—The only question raised upon this appeal is the constitutionality of the law violated. Chapter 157, General Laws of Oregon 1925, page 234, is as follows:

"An Act to amend Section 7, Chapter 30, General Laws of Oregon, 1923.

"Be it enacted by the people of the State of Oregon.

"Section 1—That Section 7, Chapter 30, General Laws of Oregon, 1923, be amended so as to read as follows: Section 7—No distillery shall ·be set up or operated in this state for the purpose of manufacturing intoxicating liquors for beverage purposes, nor be used in the manufacture thereof. Any device or any process which separates alcoholic spirits from any fermented substance shall be regarded as a distillery. Any person or persons violating any provision of this section shall be deemed guilty of a felony

and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one year nor more than five years. The penalty for violation of any other provision of this act shall remain as fixed by Section 13 (a), (b), (c) and (d) hereof.''

Section 7 of Chapter 30, Laws of 1923 (page 48) is as follows:

''Section 7—No distillery shall be set up or operated in this state for the purpose of manufacturing intoxicating liquors for beverage purposes, nor be used in the manufacture thereof. Any device or any process which separates alcoholic spirits from any fermented substance shall be regarded as a distillery.''

The penalty for violation of Chapter 30 of the Laws of 1923, was provided in Section 13 of the act (Laws of 1923, page 50). The part of said section applicable to this case is as follows:

''Section 13 (a)—If any person shall be convicted of a violation of any provision of this act, he shall be punished by a fine of not more than three thousand dollars ($3,000) and by imprisonment in the county jail for not less than thirty days and not more than one year, or by a fine of not more than three thousand dollars ($3,000), and by imprisonment in the penitentiary for a term of not less than one year and not more than three years.''

It is contended on behalf of defendants as follows:

''Chapter 157, Laws of 1925, purports to amend Sections 7 and 13 of Chapter 30, Laws of 1923; Section 7 of the original act defines the offense, and Section 13 prescribes the penalty. The title to Chapter 157, Laws of 1925, does not mention Section 13 or penalty, and under the constitution the act is void, at least as to the penalty.'' Citing Constitution of Oregon, Art. IV, § 20; *State* v. *Wright,* 14 Or. 365,

371 (12 Pac. 708); *Warren* v. *Crosby,* 24 Or. 558 (34 Pac. 661); *State* v. *Hawks,* 110 Or. 497, 512 (222 Pac. 1071); *First Nat. Bank* v. *County Court,* 110 Or. 74 (222 Pac. 1077).

That the act of 1925, Chapter 157, is void for the reason that it seeks to amend Section 13 of Chapter 20, Laws of 1923, and does not set it forth at length as amended.

1. The presumption is always in favor of the validity of a legislative act, and its clear repugnancy to the Constitution must be shown. The title of a statute will be held to be sufficient if the matter is reasonably connected with, and germane to, the title, under Article IV, Section 20 of the Constitution, requiring an act to embrace but one subject and matters connected therewith, which subject must be expressed in the title. The title of an amendatory act is sufficient, if it refers to the particular section it is intended to alter, and is not repugnant to Article IV, Section 20 of the Constitution, unless the provisions of the amendment are such as could not have been included in the original act as matters properly connected therewith: *Murphy* v. *Salem,* 49 Or. 54, 58 (87 Pac. 532); *David* v. *Portland Water Committee,* 14 Or. 98 (12 Pac. 174); *State* v. *Phenline,* 16 Or. 107 (17 Pac. 572); *Ex parte Howe,* 26 Or. 181 (37 Pac. 536).

2, 3. In the case of *State* v. *Phenline, supra,* this court, at page 109 of the report, said:

"Amending a section of an existing act requires no new title; the same title applies as much to the act as amended, as it did to the original one, and the title expresses the subject of it, unless there has been a clear departure and complete change of substance from the original. Is, therefore, the subject of such an amendatory statute anything more than the chang-

ing of the substance of a section in an existing one? and is not the constitutional requirement answered in such case when the section as amended is 'set forth and published at full length?' "

The title of the act of which Section 7 is a part, which section is sought to be changed by the amendatory act is, in part, as follows:

"An Act: prohibiting the making or possession of any mash, wort or wash fit for distillation or for the manufacture of intoxicating liquors except by persons licensed under the federal laws" * * "prohibiting the setting up or operation of any distillery for the purpose of maufacturing intoxicating liquors for beverage purposes and the use thereof for such purposes, and defining a distillery"; * * "making any person violating any of the provisions of this act criminally liable therefor, and providing what courts shall have jurisdiction of such offenses and what punishment may be imposed by them for first and for second or subsequent offenses, * * "

4. The subject matter of the act of 1925, which is the penalty for setting up or operating a distillery for the purpose of manufacturing intoxicating liquor for beverage purposes, is included within the scope of, and is germane to the title of the original act, and therefore, the amendatory act is valid and constitutional: 36 Cyc. 1058; *David* v. *Portland Water Com., supra; Murphy* v. *Salem, supra; Pacific Elevator Co.* v. *Portland,* 65 Or. 385 (133 Pac. 72, 46 L. R. A. (N. S.) 363); *State* v. *Banfield,* 43 Or. 287 (72 Pac. 1093). The amendment could very properly have been contained in the original act under the title of which we have quoted a part.

5. The contention of defendants that the act of 1925 amends Section 13 of the act of 1923, cannot be maintained. The latter section still remains as it has always read. The amendatory act defines and

provides a penalty for an infraction of the provisions of Section 7, which is set forth in full in the act of 1925. It is made plain in the latter act that the penalty for a violation of the other provisions of the act shall remain as fixed by Section 13 of the original act.

This holding is not in conflict with any of the authorities cited. The judgment of the trial court is affirmed.          AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.