[Filed February 29, 1888.]

# STATE OF OREGON, RESPONDENT, *v.* JOHN PHENLINE, APPELLANT.

CONSTITUTIONAL LAW—TITLE TO ACT—STATUTES—AMENDMENTS.—An act entitled "An act to amend section 14 of title 1 of chapter 28, General Laws of Oregon, . . . . as amended October 17, 1876," is not repugnant to the Constitution, article iv., section 20, which provides that "every act shall embrace but one subject and matters connected therewith, which subject shall be expressed in the title," when taken in connection with article iv., section 22, of said instrument, which provides that "no act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at length."

SAME—INTOXICATING LIQUORS—SALE OF, TO MINORS.—An act of the legislature entitled "An act to prohibit the selling or giving of intoxicating liquors to minors, without the written consent of parents or guardians," Laws of 1874, section 686, as amended in 1877, makes the prohibition to "sell or give intoxicating liquors to minors" absolute under article iv., section 20, *supra*.

APPEAL from Washington County.   Affirmed.

*Thomas A. McBride,* District Attorney, for the State.

*Handley & Huston, contra.*

THAYER, J.—Appeal from a judgment of conviction obtained in the Circuit Court for the county of Washington. The appellant was indicted and convicted in the said Circuit Court for disposing of intoxicating liquor to a minor, contrary to the act of the legislative assembly of this State, entitled "An act to amend an act, to amend section 14 of title 1 of chapter 28, General Laws of Oregon, being section 686, chapter 8, Criminal Code, published in 1874, by authority of the legislative assembly of the State of Oregon, as amended October 17, 1876," approved February 16, 1887. The appellant claimed in the Circuit Court that said act under which he was indicted was unconstitutional and void, and made that one of the grounds of his defense to the indictment. The Circuit Court held that the act was valid, and upon that question the case is brought to this court. The appellant's counsel contend that the title to an amendatory act, which merely refers to the law to be amended by number of section, does not express the subject of the act as required by the Constitution of the State. They contend also

that the title of the original act does not express the object of the amendatory act.

The Constitution of this State provides that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title." (Art. iv. § 20, State Constitution.) The title of the original act is: "An act to prohibit the selling or giving of intoxicating liquors to minors, without the written consent of parents or guardians." It was passed in 1864, took effect by operation of the Constitution, January 20, 1865, and is included in the General Laws of Oregon, as published in 1864, as section 14 of title 1 of chapter 28, thereof. The amendment of 1876 is entitled "An act to amend section 14 of title 1 of chapter 28, General Laws of Oregon, being section 686, chapter 8, Criminal Code, published in 1874, by authority of the legislative assembly of the State of Oregon." Which amendment was approved October 17, 1876.

The amendment of 1887, under which the appellent was indicted, has already been set out above. The provision of the Constitution referred to was not designed to prevent the legislature from including different subjects in the same act, so much on account of the objection to an act embracing more than one subject, as to prevent the smuggling into a bill, provisions of a pernicious character, and foreign to the object indicated in its title, or with freighting it with matter which has no merit. It was to avoid loading onto a wholesome measure, subjects which otherwise would not receive legislative sanction, that led to the adoption of the restriction. Requiring the subject of the act to be expressed in its title tends to thwart such practices in legislative affairs, as it renders them nugatory if it is not observed. All of the departments of the State government under our system are only so many agencies, and the acts of those who administer them, like the acts of other agents, have no power or efficacy when done outside of the scope of their authority. The Constitution has wisely set a limit to the power of all the functionaries of the State; it has circumscribed it by a paling of privileges and restrictions which marks the boundary, and if they overstep it, although acting under color of office, their acts

are no more binding than though they had never been clothed with authority. Whenever an alleged right is claimed under such a usurpation, and is sought to be enforced in a court of justice, it cannot legally be maintained.

If a legislative body in this country attempts to enact a statute in violation of any of the provisions of the Constitution, and a right is attempted to be upheld under it in a court of justice, it is the duty of such court to declare such pretended statute null and void. All legitimate deductions drawn from rational logic sustain this conclusion. But courts will not pass upon so important a question hastily, nor pronounce a statute unconstitutional, unless in a clear case, admitting of no reasonable doubt, and will give every just intendment in its favor; but when in the opinion of the court, there is an irreconcilable conflict between the statute and the Constitution, the latter must necessarily prevail. The principal question in this case is whether the said provision of the Constitution is applicable to a statute which is amendatory of a section of an original one. Said provision must be construed with reference to other provisions of that instrument, relating to the same matter. Section 22 of said article iv. provides that, "no act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length." This provision of the Constitution relates specially to amendatory statutes; while the former one is general in its terms, and would seem to apply more particularly to original acts — acts to which the title expressing their object is prefixed at the time of their adoption. Amending a section of an existing act requires no new title; the same title applies as much to the act as amended, as it did to the original one, and the title expresses the subject of it, unless there has been a clear departure and complete change of substance from the original. Is, therefore, the subject of such an amendatory statute anything more than the changing of the substance of a section in an existing one? and is not the constitutional requirement answered in such case when the section as amended is "set forth and published at full length?"

The question does not turn upon the construction that would

be given to said section 20, which requires the subject to be expressed in the title of the act if standing alone. The two sections must be taken together, and it seems to me, that it would not do violence to the Constitution to construe it as intending that it is sufficient in amending a section of an existing law to designate such amendment as the subject of the amendatory act. I think it may clearly be inferred from the language of said section 22 that if an amendment were made in conformity therewith, it would be regular and valid without any further expression of the subject in its title. I think the language of the section last referred to implies that an act *may* be revised, or a section be amended by setting it forth and publishing it at full length, and that its title need not indicate any further object. Such seems to have been the course pursued by the legislature of the State in many instances where statutes have been amended, and which would be determined unconstitutional if we were to hold as insisted upon by the appellant's counsel. A hypercritical view of the subject would certainly not be justifiable when such mischievous consequences must necessarily result from such holding. Upon the other objection to the validity of the act that the subject of it under the amendment is not expressed in the title of the original act, I do not think there can be much question. The title of the act is "to prohibit the selling or giving of intoxicating liquors to minors, without the written consent of parents or guardians." This clearly indicates the object and purpose of the act, which was not certainly to allow the selling or giving to that class of persons, intoxicating liquors upon the written consent of their parents or guardians; but to inhibit it in all cases, except where such written consent had been given. The written consent was a sort of special license under which the right "to sell" or "give" might be exercised, and the amendment took away this right, rendering the prohibition to "sell or give intoxicating liquors to minors" absolute.

The amendatory act is more restrictive in its terms than the original one; but the end and aim of each was the same. The other matters prohibited in the amended act are properly con-

nected with the subject thereof, and it was not necessary that they be expressed in the title.

It is apparent that the general design of the original act, and of the various amendments thereto, was to prevent a pernicious practice from becoming prevalent in the community, which was liable to have an injurious effect upon the health and morals of the youth of the country, and prove detrimental to the general welfare of the State. It is a subject towards which all the legislation mentioned has been directed. Some changes have been made in the provisions of the original act, and its title is not strictly appropriate to it as amended. The words "without the written consent of parents or guardians" have no application to anything contained in the body of the act as it now stands; but they might have been dispensed with in the outset, and the title still been sufficient; it would have expressed the subject of the act without them sufficiently to answer the constitutional requirement, and their remaining as a part of it does not, as I can perceive, affect its validity as amended.

The counsel for the appellant contend that the title of the original act, without anything in the title of the amended acts, indicating in what particular the provisions of the former were changed, would be misleading. But if parties interested in the matter had no other source of information than that imparted by the titles of several acts referred to, they would have sufficient to put them upon inquiry, and could easily ascertain what provisions had been adopted, if desirous of observing them. Parties, however, in this State, as a matter of fact, have other sources besides the session laws from which to acquaint themselves with the legislative enactments. A policy was adopted four or five years after the State organization began the exercise of its functions, which has ever since been maintained, of periodically collecting and publishing under legislative authority, in the order and method of a Code, the general statutes in force, under their appropriate heads and titles, also a syllabus of each section at the beginning of each chapter or title, as the case may be, and a well digested alphabetical index of the whole. Statutes collected and published in that manner have usually been

amended by reference to the section, title, and chapter as thus arranged. That was the mode pursued with respect to the adoption of the amendments under consideration, and I can discover no grounds of objection to it whatever.

The legislative assembly, in order to render statutory enactments more easy of access and conveniently understood, has adopted provisions for arranging them as mentioned, and an amendment thereof by such reference conduces to their intelligibility. A mere reference to the statute as originally published in a majority of cases would create confusion. A great majority of the session laws that have been published are accessible to but few persons. I do not believe that the Constitution intends the observance of a nicety, which if adhered to would occasion embarrassment. There is no such sanctity attending the publication of an act of the legislature as would prevent its republication in a more convenient form, or preclude a reference to it in that form, in event of an amendment. That the subject of an act is ascertained from its title is a mere theoretical hypothesis at most, and the claim that the object of requiring the title to express it is to enable legislators to vote understandingly upon it, and to inform the community as to what measures are pending before the legislative assembly, for its action, as often asserted, although practically true, is not strictly correct in theory. An act, as suggested by the respondent's counsel, may not have the same title of the bill for the act.

The final question upon the passage of a bill is, "shall the title of the bill stand as the title of the act?" which takes place after the legislators have done all their intelligent voting upon the measure, and the community obtained all the information which the title is supposed to furnish; and yet the title of the bill may not "stand" as the title of the act—it may not express the "subject" of the act. Such a character of information theoretically would, therefore, be very unreliable. But the purpose of the requirement need not be considered; it is a mandatory direction which the legislature must obey. When such a body undertakes to give to its acts the force and effect of law, it must follow the mode prescribed by the instrument which created it.

I think it did so in the adoption of the act in question substantially, and that it is a valid law.

The judgment appealed from will therefore be affirmed.