Argued 24 December, 1902; decided 19 January, 1903.

**SPAULDING LOGGING CO. *v.* INDEPENDENCE IMP. CO.**

[71 Pac. 132.]

Statutes—Statement of the Subject in the Title.*

The act of 1901, p. 266, on the subject of floating logs and timber on certain streams (now B. & C. Comp. §§ 4890-4901, inclusive), is unconstitutional because its title does not fairly express its subject- matter as required by Const. Or. Art. IV, § 20. The act itself is, in effect, a legislative declaration that a certain class of streams shall be deemed highways, and that the exclusive right to regulate the use thereof by individuals or corporations may be acquired by complying with its provisions. The act contains no reference to county courts, but is entitled "An act authorizing the county courts of the several counties of this state to declare unnavigable streams highways for the floating of logs and timbers, and provide for the improvement and use of the same," so it is clear that the matter constituting the body of the act cannot be referred to or connected with the subject expressed in the title.

From Polk: Reuben P. Boise, Judge.

Suit for an injunction by the Charles E. Spaulding Logging Co. against the Independence & Falls City Lumber & Improvement Co., resulting in a decree as prayed, from which defendant appeals.                                   Affirmed.

For appellant there was a brief and an oral argument by *Mr. A. C. Woodcock* and *Mr. William D. Fenton.*

For respondent there was a brief over the names of *Hedges & Griffith* and *Townsend & Hart,* with an oral argument by *Mr. J. E. Hedges* and *Mr. F. T. Griffith.*

Mr. Justice Bean delivered the opinion of the court.

This is an appeal from a decree enjoining the use of Luckiamute River, a stream flowing through the counties of Benton and Polk, by defendant, under an alleged franchise acquired by it in pursuance of the provisions of an act of the legislative

---

*Note.—The title of statutes with reference to their sufficiency within constitutional requirements is considered in the monographic notes to the following cases: *Bobel* v. *People,* 64 Am. St. Rep. 70-107; Sufficiency of the Title to a Statute; *Crookston* v. *County Com'rs,* 79 Am. St. Rep. 456-486, When the Title of a Statute Embraces but one Subject and What May Be Included Thereunder; *Lewis* v. *Dunne,* 86 Am. St. Rep. 267-279, Constitutionality of Code Amendment or Revision. This latter case is also published in 55 L. R. A. 833-856, with a note; Power of Legislature to Enact a Code or Compilation of Laws, or Amend Many or Undesignated Sections Thereof, by a Single Statute.
—Reporter.

assembly approved February 27, 1901 (Laws 1901, p. 266; B. & C. Comp. § 4890, *et seq.*) The only question for our consideration is the constitutionality of the act. Section 1 thereof provides that any individual or association of individuals residing in the state, or corporation organized therein, may secure the exclusive right to regulate, manage, and control the floating, transportation, and booming of logs, lumber, timber, and wood upon any river or stream or part thereof within the state that is not navigable for general commercial purposes, by complying with the provisions of the act. Section 2 requires parties desiring to take advantage of the act to cause to be made an accurate survey of the river or stream or the part thereof to which they desire to acquire such right or privilege, and prepare a map of same, which must be filed with the county clerk, together with a written declaration setting forth generally their purpose respecting the stream. Section 3 provides that within ninety days after the filing of the map work shall be commenced to render the stream suitable for the purpose intended, and that such work shall be prosecuted with all reasonable diligence until the same shall be completed, and the stream rendered capable, according to its capacity, for floating and transporting logs, lumber, and timber thereon. Section 4 defines the kind and character of work contemplated by the act. Section 5 declares that, when the work shall have been completed, such stream shall be a public highway for the purposes stated, and shall be open to the use of all persons, under such reasonable rules and regulations and uniform rate of charges as may be adopted and established by the individual, association, or corporation acquiring the right. Section 6 provides for the purchase or condemnation of riparian rights and the land bordering on the stream. Section 7 declares that, as soon as the work of improvement is completed, a certificate to that effect shall be filed with the county clerk, specifying therein the schedule of rates to be charged for the use of the stream, and thereafter it shall be open to public use, under such reasonable rules and regulations as may from time to time be adopted. Section 8 provides that the party improving the stream as in

the act provided shall have the exclusive management and control thereof, and may lease, rent, or transfer his or its right therein to the same extent and with like effect as any other property. Section 9 gives the individual, association, or corporation complying with the act authority to establish and adopt rules and regulations governing the use of the stream, and to make such schedule of charges therefor as shall be fair and just. Section 10 requires that the stream shall be kept open and in good repair, and a failure to do so shall work a forfeiture of the privileges granted. Section 11 provides that, when any applicant has filed a map and declaration, as provided in section 2, no conflicting map or declaration shall be filed until after the expiration of ninety days; and section 12 declares what streams shall be deemed navigable within the meaning of the act.

It is contended that this act is unconstitutional and void, for the reason that the subject thereof is not expressed in the title, nor does the title truly represent its purpose. The Constitution of Oregon, Art. IV, § 20, provides that "Every act shall embrace but one subject, and matters properly connected therewith, which subjects shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." The act in question is entitled "An act authorizing the county courts of the several counties of this state to declare unnavigable streams highways for the floating of logs and timbers, and provide for the improvement and use of the same." From the summary of its provisions already given, it will be observed that the county court is not mentioned or referred to in the act, nor is there any power or authority conferred upon that tribunal, either directly or indirectly, over the subject of nonnavigable streams, or the improvement thereof. It is therefore entirely clear that the act is not an act authorizing the county courts of the several counties to declare such streams highways, and to provide for the improvement thereof, but is a legislative declaration that certain streams shall be deemed highways, and

that the exclusive right to regulate, manage, and control the same and the use thereof by individuals, associations, or corporations may be acquired by complying with its provisions; and the question is whether such legislation is within the subject as expressed in the title. The object of the constitutional provision quoted is twofold, as pointed out by Mr. Chief Justice WOLVERTON in *Clemmensen* v. *Peterson,* 35 Or. 47 (56 Pac. 1015): *first,* "to prohibit the legislature from combining in one act subjects wholly incongruous, diverse in their nature, and having no perceptible or necessary connection with each other;" and, *second,* to require "that in every case the proposed measure should stand upon its own merits, and that the legislature should be fairly satisfied of its purpose by an inspection of the title, when required to pass upon it, so as not to be surprised or misled by the subject which the title purported to express."

The title now under consideration is plainly violative of the latter purpose of the constitution, as it gives no reasonable indication of the measure proposed. For the defendant it is contended that the subject of the act is the improvement and use of nonnavigable streams as highways, and, since that matter is mentioned in the title, it is sufficient, and all reference to the county courts may be rejected as surplusage; but this is an attempt to construe the title so as to bring it within the body of the act, while the constitution makes the title, in a sense, an index to the proposed legislation, and contemplates that the body of the act shall be confined to the subject expressed therein. The intention of the constitution plainly is that the subject of the proposed legislation shall be stated in the title, so that the members of the legislature and the public may thereby be informed of the subject on which the former are invited to vote and legislate, without the necessity of studying the entire bill; and the courts cannot reject as surplusage any material part of the title in order to make it conform to some other or different legislation. Now, the title of the act in question affords no indication whatever of any purpose on the part of the legislature itself to declare certain streams high-

ways, or to authorize private individuals, associations, or corporations, by their own act, and without the consent of any governmental agency, to appropriate such streams, and acquire the exclusive right to the control and management thereof, and to charge and collect fares or tolls from all persons using the same. The provision of the constitution above quoted has always been construed liberally to sustain legislation not within the mischief intended to be prevented; but, when the title of an act is misleading or deceptive, and gives no reasonable indication of the purpose of the proposed bill, it is within the inhibition of the constitution, and the legislation is void. As stated by this court: "The question is whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject": *State* v. *Shaw*, 22 Or. 287 (29 Pac. 1028). Applying this principle to the case in hand, and taking from the title the subject, which is plainly the enlargement of the powers and duties of the county courts, and then examining the body of the act, we cannot find anything whatever therein that can be referred to the subject expressed in the title. Members of the legislature, or other persons, reading the title, would very naturally conclude that the purpose was to confer the power upon the several county courts of the state to declare certain streams highways, and to provide for their improvement, and would not for a moment suppose that the legislature intended to exercise that power itself. For these reasons the act is void, and the decree of the court below is affirmed.    Affirmed.

Decided 19 January; rehearing denied 30 March, 1903.