Argued January 4, decided January 17, 1911.

## SMITH v. POLK COUNTY.

[112 Pac. 715.]

COUNTIES—COUNTY WARRANTS—LIMITATIONS.

1. The statute directing the publication of notice that unpaid county warrants which have been issued more than seven years must be presented for payment within 60 days, or they will be canceled, creates a special limitation, which does not begin to run until the publication has been made.

COUNTIES—WARRANTS—NATURE OF INSTRUMENT.

2. A warrant drawn in favor of a claimant whose claim against a county has been audited by the county court is a non-negotiable instrument payable on demand so far as it is subject to defenses in the hands of an innocent person.

COUNTIES—WARRANTS—ACTIONS.

3. A county warrant is payable on demand, and, when a request for payment is made to the proper party and payment has not been made, an action lies on it, in the absence of a statute to the contrary.

LIMITATION OF ACTIONS—COUNTY WARRANTS—ACTIONS—LIMITATIONS.

4. Sections 2898-2900, L. O. L., providing for the publication of notice for presentation of unpaid county warrants which have been issued more than seven years, or they will be canceled if not presented within 60 days, and Section 2959, requiring the county treasurer to pay county warrants on presentation, and providing that, where there are no funds in the treasury, he shall indorse on the warrant "Not paid for want of funds," the date of presentation, and his signature, whereupon the warrant shall draw legal interest until notice is given by publication that there are funds to redeem it, take a county warrant containing the indorsement of the treasurer out of the class of liabilities designated in Section 6, declaring that an action

on a contract must be commenced within 6 years after the accrual of the action, and make the limitation of 6 years begin with the publication of the notice, and a cause of action on such a warrant is not barred until the expiration of the 60 days after publication of the notice.

APPEAL AND ERROR—DISPOSITION OF CASE ON APPEAL.

5. Where the facts as found by the trial court are not controverted, the Supreme Court, on appeal from an erroneous judgment, will remand the case, with directions to correct the conclusions of law, and render proper judgment.

From Polk: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by J. B. Smith against Polk County to recover money. The complaint alleges, in effect, that defendant is a *quasi* corporation; that plaintiff is the owner of twenty warrants for the payment of money, duly issued by the county court of the defendant, giving the number of each, and stating when, to whom, and for what sum it was issued, when indorsed, "Not paid for want of funds," and when notice was given of the posession of money for the payment thereof, the first publication being January 20, 1901, and the last August 30th of that year; that by inadvertence each of the warrants had been lost and could not be found; that none of them nor any part thereof had been paid; that plaintiff presented to such county court at its term in September, 1908, a verified petition, setting forth the facts hereinbefore stated, and prayed that in lieu of the original county orders duplicates thereof might be issued and the amounts due thereon paid to him, which application was denied; that such court had never caused to be published any notice; that, unless these warrants were presented for liquidation, each would be canceled and payment thereof refused. Judgment was demanded for $877.25, the face value of the warrants, and legal interest on each from the time it was indorsed, "Not paid for want of funds," until notice was published that money was on hand to discharge it. The cause was tried without the intervention of a jury, and from the evidence received

findings of fact were made conformable to the averments of the complaint. As conclusions of law, however, it was determined that the cause of action accrued when notice was published that there was on hand money with which to pay the warrants, and, as this action was not instituted until November 10, 1908, it was not commenced within the time limited; that the statute authorizing the publication of notice that, if county warrants were not presented for payment within 60 days, they would be canceled, afforded a cumulative remedy which could be invoked only by a county court; and that the failure to give such notice did not preclude the defendant from interposing the statute of limitations as a bar to the maintenance of the action. Based on these findings the action was dismissed, from which judgment plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Messrs. Sibley & Eakin* with an oral argument by *Mr. Joseph E. Sibley.*

For respondent there was a brief over the names of *Mr. John H. McNary,* district attorney, and *Mr. Walter C. Winslow,* deputy district attorney, with an oral argument by *Mr. Winslow.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is argued by plaintiff's counsel that the statute directing notice to be published that all unpaid county warrants which have been issued more than seven years must be presented for payment within 60 days, or they will be canceled, is a special limitation, which does not begin to run until the publication has been made, and that as no such notice was given respecting the county warrants involved herein, the conclusions of law stated are not deducible from the facts found, and, such being the case, the judgment is erroneous.

The provisions of the statute which were held to furnish an auxiliary remedy that could be invoked only by a county court are, so far as considered material, as follows:

"At the last regular term of the county court preceding the first day of July in each year, in each county in this State, the county clerk shall certify to said court a list of all warrants which were issued more than seven years prior to the first day of July of that year, and which have not been paid, stating the amount of each of such warrants, to whom issued, and date of issuance." Section 2898, L. O. L.

"The court shall thereupon cause to be published in some newspaper published in the county and having a general circulation therein, or if no paper is published in the county, in some paper published in the State and having a general circulation in the county, a notice that if said warrants are not presented for payment within sixty days from said first day of July they will be canceled, and payment thereof refused." Section 2899, L. O. L.

"At the first regular term of the county court in each county after the expiration of said sixty days from July first of each year the county court shall make an order that all such warrants which have not been so presented for payment, describing them, shall be canceled; and the clerk shall also collect together all other county warrants which have been issued by order of the county court, and which are still remaining in his hands and unclaimed, and in the presence of the county court shall cancel all of such warrants as were issued more than seven years prior to the first day of July of that year, and thereafter no such warrant shall be paid, nor shall the amount thereof be computed in any estimation or computation of county finances." Section 2900, L. O. L.

Another provision of the statute imposes on a county treasurer the duty to pay all county warrants when presented to him, but, if there be in the treasury no funds for that purpose when such an obligation is tendered, he is required to indorse thereon, "Not paid for want of

funds," the date of presentation, and his signature, whereupon the warrant shall thereafter draw legal interest until notice is given by publication that there are funds on hand to redeem such outstanding orders. Section 2959, L. O. L.

Construing the clause last adverted to in connection with another provision of the code, that an action on a contract or liability, express or implied, must be commenced within six years after the cause of action accrued (Section 6, L. O. L.), the conclusion was reached that, since more than that time had elapsed after publishing notices that there were on hand funds with which to discharge all the warrants mentioned in the complaint before this action was begun, it was not commenced in proper time and the statute of limitations invoked by defendant constituted a bar to any recovery. This conclusion necessarily results from a construction of the provisions of law applicable to the limitation of actions that are appropriate to the class of obligations involved herein (Sections 6, 2959, L. O. L.), and is controlling unless an interpretation in connection with such enactments of the clauses of the statute first quoted (Sections 2898-2900, L. O. L.) warrants the determination of a different limitation, and demands, as a condition precedent to the termination of the right to a recovery of the amount of unpaid county warrants that have been issued more than seven years, the publication of a notice that unless within 60 days such warrants are presented for payment they will be canceled. No declaration is made in the statute last noted that, if county warrants of the kind specified are presented for payment within the 60 days specified, they will be discharged, but the payment thereof is necessarily implied, for it would be idle ceremony to request the presentation of county warrants if no payment on account thereof were to be made.

2. In this State, when a claim of indebtedness is asserted by any person against a county, the county court thereof is required to audit the demand, and, if approved, to enter in the journal of the transaction of county business an order to that effect, whereupon the county clerk is required to draw a warrant in favor of the claimant directing the county treasurer to pay to the party named, or bearer, the sum of money so allowed. The warrant so far as being subject to defenses in the hands of an innocent party, is nothing more than a nonnegotiable instrument payable on demand. Dillon, Mu. Corp. (4 ed.) § 503; Daniel, Neg. Ins. (5 ed.) § 427. If not paid when presented, a county warrant draws legal interest from the time it is indorsed, "Not paid for want of funds," until published notice is given that there is on hand money with which to discharge the obligation. Section 2959, L. O. L. If the ordinary limitation (Section 6, L. O. L.) controls the justification of an action on such paper, it would necessarily follow that, if the required notice were not given within six years after the indorsement of "Not paid for want of funds" was made, no recovery could legally be had in the action instituted for that purpose, because the statute has fully run, for as we view the question an action could be maintained against a county when upon presentation of a warrant no money was in the possession of the county treasurer to discharge it.

3. A county warrant is made payable on demand, and, when request has been made by the proper party for the sum of money evidenced thereby and payment is not made, an action could be maintained on the instrument: *Goldsmith* v. *Baker City*, 31 Or. 249 (49 Pac. 973). The cause of action on a county warrant accrues when demand is made for its payment.

4. Evidently, in order to avoid the imposition of costs and expenses which such actions would necessarily entail,

the statute wisely provides that a county warrant when indorsed as hereinbefore set out shall draw interest until notice is published that money is on hand with which to pay such outstanding orders. Here is an evident intention of the legislative assembly to take this kind of obligations out of the class of contracts or liabilities designated in the ordinary restrictions governing the maintenance of actions (Section 6, L. O. L.), and to make the limitation of six years begin with the publication of such notice. As the law (Section 2959, L. O. L.) manifests a purpose thus to extend the limitation, as to county warrants which have been indorsed, "Not paid for want of funds," until notice is given that there is money on hand with which to discharge them, so, too, in our opinion, the enactment (Sections 2898-2900, L. O. L.) evidences a design further to continue the limitation until notice is published that unpaid warrants, which have been issued more than seven years, must be presented for payment within 60 days, and that a cause of action as to such obligations is not barred until the expiration of the days specified. Construing the provision last noted in connection with the other clauses adverted to, it is believed that after county warrants shall have ceased to bear interest the statute of limitations does not begin to run until the required notice is given, but, after the expiration of the 60 days specified, no action against a county can be maintained to recover either the face value of the warrant or the interest thereon.

In *Wilson* v. *Knox County*, 132 Mo. 387 (34 S. W. 45, 477), a statute of Missouri provided that a county warrant having been delivered, but not presented for payment within five years from its date, or which having been presented and not paid for want of funds, should not be again presented within five years after the funds should have been set apart for its payment, "shall be barred and shall not be paid nor shall it be received in

payment of any taxes or other dues;" it was held that the enactment was a limitation of actions on warrants as well as a direction to the county officers, and governed such action instead of the general statute of limitations. We think the rule announced in that case is conrtolling herein, necessitating a reversal of the judgment.

5. The facts as found by the court are not controverted and, such being the case, the cause will be remanded, with directions to correct the conclusions of law as herein indicated, and to render a judgment for plaintiff as demanded in the complaint.        REVERSED.

Mr. Justice BURNETT took no part in the trial or consideration of this cause on appeal.