Argued April 14, affirmed April 20, 1915.

# STATE *v.* LEVY.

(147 Pac. 919.)

**Statutes—Title—Sufficiency.**

1. The title of Laws of 1913, page 143, entitled "An act to regulate and license * * the business of commission merchants * * and to require them to give a bond * * for the benefit of their consignors and prescribing a penalty for the violating of any of the provisions in this act," is not sufficient within Article IV, Section XX, of the Constitution, providing that every act shall embrace but one subject, and matters properly connected therewith, which shall be expressed in the title, to justify provisions in the body of the act conferring on the State Railroad Commission power to require from the merchants statements of their business and to revoke licenses for cause on notice and hearing; and, where these provisions are a dominant feature of the act, the entire act is invalid.

[As to title of statutes, when sufficient, see note in 64 Am. St. Rep. 70. As to title of statutes when embrace but one subject and what may be included thereunder, see note in 79 Am. St. Rep. 456. As to effect of provisions requiring statutes to embrace but one subject, which shall be expressed in the title, see note in 61 Am. Dec. 337. As to validity of statute having title more comprehensive than act itself, see note in Ann. Cas. 1912a, 102. As to validity of statute providing penalty or punishment not mentioned in title, see note in Ann. Cas. 1912D, 157.]

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

B. H. Levy and J. J. Cole were jointly charged in the District Court of Multnomah County with engaging in the business of a commission merchant, in violation of the provisions of Chapter 88 of the Session Laws of 1913. They were convicted and sentenced to pay a fine of $25 each. Upon appeal to the Circuit Court a demurrer to the complaint was sustained, and the action dismissed. From this judgment, the state appeals.                                    AFFIRMED.

For the State (appellant) there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and

*Mr. George Mowry,* Deputy District Attorney, with an oral argument by *Mr. Mowry.*

For respondent there was a brief over the name of *Messrs. Reed & Bell,* with an oral argument by *Mr. Sanderson Reed.*

MR. JUSTICE BENSON delivered the opinion of the court.

Defendants, in support of their demurrer, contend that the act upon which the prosecution is based violates the Constitution of Oregon in severel particulars, and the validity of the statute is the sole question submitted upon this appeal. The title of the act reads as follows:

"An act to regulate and license and define the business of commission merchants or persons selling horticultural produce and farm products on commission and to require them to give a bond to the State of Oregon for the benefit of their consignors and prescribing a penalty for the violating of any of the provisions of this act."

Section 1 reads as follows:

"For the purposes of this act a commission merchant is defined to be a person, firm or corporation whose principal business is the sale of farm, dairy, orchard or garden produce on account of the shipper or consignor, or solicit consignments of any character. No person shall sell or receive or solicit consignments, of such commodities for sale, on commission without first obtaining a license from the State Railroad Commission to carry on the business of a commission merchant and executing and filing with the Secretary of State a bond to the state for the benefit of his consignors; the amount of the bond to be fixed and sureties to be approved by the commission, who may increase or reduce the amount of the bond from time to time."

The other sections authorize the Railroad Commission to require from the merchant statements of his business, to revoke his license for cause upon notice and hearing. It is observed, however, that the statute is silent as to the nature of the notice or the party served. The act further provides that the commission may, after investigation, cancel the license for any violation of law or conduct prejudicial to the interests of those making consignments, and declares certain acts of omission and commission, upon the part of the merchant, to be a felony. It will be noticed that, while commission merchants are a class by themselves, those whose principal business is selling such products on commission constitute but a part of the class. The statute makes the State Railroad Commission a tribunal with extraordinary powers, although the title of the act gives no hint of such provision.

Article IV, Section 20, of the state Constitution, provides that:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title."

Commenting upon this provision in the case of *Clemmensen* v. *Peterson*, 35 Or. 48 (56 Pac. 1016), Mr. Chief Justice WOLVERTON says:

"The purpose of this clause of the Constitution is well understood, and it was adopted to prohibit the legislature from combining in one act subjects wholly incongruous, diverse in their nature, and having no perceptible or necessary connection with each other, and to obviate the practice of inserting in an act clauses involving matter of which the title is not calculated or adequate to give or convey any intimation. Thus, it was designed by the framers of the Constitution that in every case the proposed measure should

stand upon its own merits, and that the legislature should be fairly satisfied of its purpose by an inspection of the title, when required to pass upon it, so as not to be surprised or misled by the subject which the title purported to express."

This view is quoted with approval by Mr. Chief Justice BEAN in the case of *Spaulding Logging Co.* v. *Independent Imp. Co.*, 42 Or. 397 (71 Pac. 132). Applying this test to the act under consideration, we see at a glance that the powers granted to the Railroad Commission are a vital and dominant feature of the statute, yet the title is wholly silent in relation thereto, and the act is clearly in violation of the constitutional provision referred to. There are other particulars in which the statute is subject to grave criticism, but we deem it unnecessary to consider them.

The judgment of the lower court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE McBRIDE concur.