Submitted on briefs June 3, affirmed June 22, rehearing denied July
27, 1915.

## STATE *v.* McPHERSON.

(149 Pac. 1021.  See, also, 70 Or. 371, 141 Pac. 1018.)

### Larceny—Place of Theft—Question for Jury.

1. In a prosecution for the larceny of a mare, whether the mare
was taken in the county alleged *held* for the jury under the evidence.

[As to animals as subjects of larceny, see note in 47 Am. St.
Rep. 765.]

### Statutes—Indeterminate Sentence Law—Title—Constitutionality.

2. Laws of 1911, page 172, extending and defining the indeter-
minate sentence, creating a parole board, and limiting its powers and
duties, repealing Sections 1723, 1731, L. O. L., and amending Sections
1592, 1724–1730, which dealt with parole and indeterminate sentences
when the matter was in the hands of the Governor, instead of the
parole board, is not violative of Article IV, Section 20, of the Con-
stitution, providing that every act shall embrace but one subject,
and matters properly connected therewith, which subject shall be ex-
pressed in the title, since it is unnecessary to state specifically the sub-
ject of an amendment of a section of a statute in the title to the
amendment; and, if all the provisions of a statute relate directly or in-
directly to the same subject, are naturally connected, and are not
foreign to the subject expressed in the title, the statute will not be
held unconstitutional.

### Criminal Law—Appeal—Harmless Error.

3. In a prosecution for larceny of a mare, testimony of the owner
of the mare concerning the man who did his branding in a certain year
was wholly immaterial, and its admission over objection was harmless
error.

Criminal Law—Harmless Error—Evidence—Admissions.

4. Where the defendant, at the time of the arrest for horse-stealing, made no admissions against his interest, he was not prejudiced by the admission, over objection, of the officer's testimony as to what he had said with reference to another stolen horse.

Criminal Law—Appeal—Objection to Evidence.

5. Where no objection was made or exception taken to the admission of immaterial testimony, error could not be predicated upon its admission.

Witnesses—Impeachment.

6. Where a witness was attempted to be impeached by testimony of another relating to a different time, place and circumstance, from those referred to by the witness, objection to the attempted impeachment was properly sustained.

[As to impeaching witnesses, see note in 14 Am. St. Rep. 157.]

Criminal Law—Harmless Error—Evidence.

7. In a prosecution for larceny, testimony of two witnesses that the defendant was in the state in August and September of a certain year was not prejudicial because such time was subsequent to the date of the larceny, where there was no testimony definitely fixing the time when the crime was committed, and time testified to was prior to the date of the crime given in the indictment.

Criminal Law—Evidence—Admissibility.

8. In a prosecution for larceny, the state could prove admissions the defendant made upon a former trial, although he was not a witness at the present trial.

Criminal Law—Nonsuit.

9. Denial of a motion for new trial is not assignable as error on appeal.

From Crook: WILLIAM L. BRADSHAW, Judge.

In Banc.    Statement by MR. JUSTICE EAKIN.

The defendant, John M. McPherson, was jointly indicted with Judd McPherson and Mace Newsham for the larceny of a mare on September 14, 1912, in Crook County, Oregon, and was tried before the other defendants were apprehended. On the trial there were a great many exceptions taken by the defendant, and after a verdict of guilty and judgment thereon, he appealed to this court.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Enoch B. Dufur* and *Mr. W. P. Myers.*

For the State there was a brief submitted by *Mr. Willard H. Wirtz,* District Attorney, and *Mr. William H. Wilson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first assignment of error is against the action of the court in disallowing the motion for a directed verdict of not guilty at the close of the state's case. The defendant rested the motion upon the want of evidence to show that the mare was taken in Crook County. There was direct evidence upon this fact, Millican testifying definitely that the mare was taken in that county; that it had been her usual range, with headquarters at defendant's ranch. Although defendant seeks to throw some doubt upon that fact, the only ground therefor is failure of a witness to say that he knew the animal was taken from Crook County. He testifies as to where she ranged in that county, and that when he last saw her she was near his home place. It was a question to be submitted to the jury, and defendant was not entitled to a directed verdict. There was some evidence of the mare having been on the Last Chance Range, which is in Lake County; but the testimony tended to show that, although in gathering the horses from the range they had been gathered at the Last Chance Corral, she had been driven there from the north, that it was not her range, and that there is no proof she had been there before.

2. Defendant excepts to the court's overruling defendant's motion to set aside and vacate the judgment for the reason that the statute providing for the judg-

ment, which was an indeterminate one, was unconstitutional and void. The attack is made upon the statute creating the parole board. Indeterminate sentences of persons to be incarcerated in the penitentiary and the right of the Governor to parole such prisoners were provided by the act of 1905 (Laws 1905, p. 318), to the constitutionality of which there is no objection: Section 1592, L. O. L. In 1911 the legislative assembly passed an act creating a parole board and providing its powers and duties. In this act Sections 1723, 1731, L. O. L., were repealed, and Sections 1592, 1724–1730, were amended. After the creation of the parole board the act deals exclusively with said amendments. Thus, the subject of the statute is the creation of a parole board and provision for its powers and duties. It is not necessary to state specifically the subject of an amendment of a section of the statute in the title. The section amended shows for itself what is the subject of the legislation. In *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028), Justice ROBERT S. BEAN interprets Section 20, Article IV, of the Constitution, stating:

"It was intended [by this provision of the Constitution] to prevent the practice, common in legislative bodies not thus restricted, of embracing in the bill matters having no relation to each other, wholly incongruous, and of which the title gives no notice, thus securing the adoption of measures by fraud. * * A reasonable construction permits the single subject to be comprehensive enough for practical purposes, and great latitude is allowed the legislature in stating the subject in the title. It was not designed to require the body of the bill to be a mere repetition of the title. Neither is it intended to prevent including in the bill such means as are reasonably adapted to secure the object indicated in the title. * * 'To require that every end and means necessary to the accomplishment of this general object should be provided for by separate

act relating to that alone would not only be senseless, but would render legislation impossible.' * * If the title cover the object of the act, the degree of particularity with which it shall be expressed or set out is for the legislature to determine. A disregard of this constitutional provision will be fatal, but the departure must be plain and manifest, and all doubts will be resolved in favor of the law. * * If all the provisions of the law relate directly or indirectly to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, they will not be held unconstitutional as in violation of this clause of the Constitution. * * This clause is not violated by any legislative act having various details properly pertinent and germane to one general object'': *Oregon* v. *Portland General Electric Co.,* 52 Or. 502 (95 Pac. 722, 98 Pac. 160) ; 36 Cyc. 1022, and note 99; *State* v. *Brown,* 41 La. Ann. 771 (6 South. 638) ; *Miller* v. *Hurford,* 13 Neb. 13 (12 N. W. 832). Therefore exception 2 has no merit.

3. Objection was made to the ruling of the court permitting Millican, the owner of the mare, to testify concerning the man who did his branding in the year 1912, whom the testimony subsequently showed was dead; but this testimony was entirely irrelevant and immaterial, as the colt was not included in the indictment, nor was the state required to prove its ownership.

4. The defendant was arrested in the State of Nevada by the witness Elkins, and Elkins testified that at the time of the arrest he had a warrant for the larceny of the colt, but nothing was said, or any conversation had, with reference to the colt other than that the brand was the brand of Millican; and the question is in regard to the admissions of the defendant at the time of and immediately after his arrest. After testifying that he had arrested the defendant in Nevada upon the warrant issued for the larceny of the colt,

in which the state was attempting to prove statements of the defendant made at that time, defendant's attorney stated:

"We would ask at this time to withdraw from the consideration of the jury all the testimony relative to this colt case and the warrant, for the reason that the witness did not disclose to the defendant that he had a warrant for him upon any other charge, and under the facts and circumstances as disclosed the defendant had a right to believe he was under arrest on this charge."

The statements of the defendant to the witness at any time in regard to the mare or his possession of it was competent, but it could not have been prejudicial to him in any case, for the reason that he made no admissions against his interest. He was therefore not prejudiced, and no objection can be raised now on that point.

5. The sixth assignment is in regard to conversations between Charles Houston and one Staats relative to other horses, but they had no reference to the mare in question, and no objection was made or exception taken to the same.

Exception No. 7 as to when Staats was last in Oregon is of no substantial consequence.

6. Exception 9 relates to an attempt to impeach Charles Houston by the testimony of N. G. Wallace. The questions so propounded to him related to a different time, place and circumstance from those referred to by Houston; and the objection was properly sustained.

7, 8. The tenth exception is taken to the testimony of two witnesses, Mrs. Becker and Mrs. Jones, as to the defendant being in Oregon in August and September of 1912, for the reason that such time was subsequent

to the date of the larceny; but we find no testimony
definitely fixing the time when said crime was com-
mitted.   The testimony of said witnesses, being prior
to the date of the crime as mentioned in the indict-
ment, was not prejudicial.   The state had a right to
prove admissions and statements of the defendant
made upon a former trial, and there could be no objec-
tion thereto because the defendant did not become a
witness at the present trial.

9. The last error assigned was the refusal of the
court to grant a new trial.   The motion therefore
raises no new question not otherwise raised on the
appeal and argued and submitted.   As said in *Man-
ning* v. *Portland Shipbuilding Co.*, 52 Or. 101 (96 Pac.
545), a motion to grant a new trial on account of the
insufficiency of the evidence is addressed to the discre-
tion of the trial court, and a denial of it is not assign-
able as error on appeal.

We find no error made upon the trial, and the judg-
ment is affirmed.   Affirmed.   Rehearing Denied.