Argued October 10; reversed October 22, 1935

# MULTNOMAH COUNTY *v.* FIRST NATIONAL BANK OF PORTLAND ET AL.

(50 P. (2d) 129)

*C. E. Zollinger*, of Portland (Pendergrass, Roehr & Zollinger, of Portland, on the brief), for appellant.

*Frank S. Sever*, Deputy District Attorney, of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondents.

CAMPBELL, C. J. Between the dates of January 1, 1934, and May 23, 1935, the board of county commissioners of said county, acting as the old age pension commission of said county, made orders granting old age pensions to some 2,200 persons in said county by authority of the provisions of chapter 284, Oregon Laws, 1933, which persons are entitled to receive pensions for the month of July, 1935. The estimated sum necessary was budgeted and provision made in the budget of said county for the year 1935 for the payment of said pensions.

Thereafter on May 27, 1935, the auditor of said county advised the board of commissioners for said county that the amount of the aforesaid claims to be

audited and approved by said county auditor would aggregate the sum of $25,000; that there would be no funds in the hands of the county treasurer available to pay said claims at the time of the issuance of the orders by the said auditor on the treasurer of the said county for the payment of said claims and said orders would be endorsed "not paid for want of funds".

The county auditor thereupon advised the said board of county commissioners that defendant bank had offered to take an order drawn upon the county treasurer in the aggregate amount of said claims, which offer is as follows:

"The First National Bank of Portland, Oregon, offers to pay to the County Treasurer of Multnomah County, Oregon, the amount of an order to be drawn on the County Treasurer, payable to the order of the First National Bank of Portland, for the aggregate amount of Old Age Pension claims for the month of July, 1935, when the same shall have been audited and approved by the County Auditor of Multnomah County, subject to the following conditions: Prior to such payment, the County Treasurer shall tender said order and the order of the County Commissioners authorizing its issuance to the First National Bank of Portland, and it shall be determined by the Supreme Court of the State of Oregon in a suit to be instituted for such purpose.

1. That Chapter 197 of the Laws of Oregon for 1935 does not offend the provisions of Section 20, Article IV, of the Oregon Constitution.

2. That the obligation of Multnomah County to pay the amount of said order is not a debt or liability within the meaning of Section 10, Article XI, of the Oregon Constitution.

3. That the order of the County Commissioners authorizing the issuance of said order upon the County Treasurer is a sufficient authority therefor.

4. That the acts of the County Auditor, in auditing and approving the pension claims, establish conclu-

sively that such claims are 'lawful, just and valid', or that the obligation to pay the amount of said order upon the County Treasurer does not depend upon the validity of the claims to be satisfied out of the proceeds of the same.

5. That the First National Bank of Portland is not under any obligation to see that the amount paid by it to the County Treasurer is applied to the payment of claims included in the amount of said order.

6. That the order upon the County Treasurer, when issued, will be a valid and enforceable obligation of Multnomah County, Oregon, payable as other warrants are payable in order of presentment to the County Treasurer.

If this offer is acceptable, kindly indicate your acceptance of the same, and we shall request our counsel to cooperate with the District Attorney in joining issues for the determination of the questions of law mentioned above.''

Thereafter the board of commissioners passed an order approving the issuance of an order payable to the First National Bank of Portland, defendant herein, in the aggregate amount of said old age pension claims for the month of July, 1935, to be delivered to the defendant upon the payment by it to the county treasurer of the sum stated in said order, which sum was to constitute a special fund in the hands of the county treasurer for the payment of old age pension claims for the month of July, 1935. Said order will hereafter be referred to as the ''master warrant''.

On May 28, 1935, plaintiff, Multnomah County, accepted the above offer of defendant First National Bank and instituted the instant suit in compliance therewith.

Under § 27-2207, Oregon Code 1930, prior to its amendment in 1935, all demands, accounts or claims against the county should be presented to the county

auditor with the necessary evidence in support thereof and examined and audited by him. And, if found to be correct and lawful and authorized by the board of county commissioners and by the budget of the county, he should endorse them as audited and approved, and draw an order or warrant on the county treasurer for the payment thereof. When presented to the county treasurer these claims would be paid if there was money on hand for that purpose or, if there was no money on hand, the treasurer would endorse the same "not paid for want of funds". Thereafter such warrants should draw legal interest or such less rate not less than five per cent per annum as might be prescribed by the county commissioners; that when money came into the hands of the county treasurer for the purpose of paying such warrants, he should give notice thereof by publication at which time they should cease to draw interest.

The large number of claimants on the old age pension fund makes it necessary to draw a great many warrants and when there is no funds on hand it requires a considerable amount of bookkeeping to endorse them "not paid for want of funds" and afterwards call said warrants. It would save considerable inconvenience and perhaps some expense if the county treasurer would be permitted to issue the so-called "master warrant" as authorized by chapter 197, supra, and pay the individual claimants in cash, and that was the purpose of the enactment of the law. These facts are all alleged in the complaint and admitted in the answer. The circuit court granted a decree on the pleadings in favor of the plaintiff, and defendant appeals.

■ It is first contended by appellant that the amendatory act, chapter 197, Oregon Laws, 1935, by reason of its title being defective is violative of Article IV, § 20,

of the Oregon Constitution, which reads as follows: "Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title.  *  *  *"

Chapter 197, supra, is entitled:

"Amending section 27-2207, Oregon Code 1930, relating to the duties and powers of the county auditor of Multnomah county in auditing of claims; and declaring an emergency."

The amendment consists of inserting into the body of said section the following language:

"*  *  *  1930; provided, however, that at any time it is known to the county auditor that the county treasurer has not on hand in the general fund of the county sufficient funds with which to pay orders drawn by him against such fund, and that orders so drawn will be endorsed not paid for want of funds, the county auditor may, with the approval of the board of county commissioners, in addition to drawing orders for claims audited and allowed by him, draw an additional order or orders in the aggregate amount of such claims, payable to a bank, trust company or other person or corporation, which said bank, trust company, other person or corporation shall pay to the county treasurer, upon the delivery of such order or orders, the full amount named in the face of said order or orders, and which sums so paid to the county treasurer shall constitute a special fund in his hands for the payment of the orders drawn by the county auditor in payment of claims allowed by him and included in the amount of said order or orders issued to such bank, trust company, other person or corporation."

It is immaterial what the proceeding is named by which the appellant is to let the county treasurer have the money to pay off the claims of the pensioners; it can not change the transaction into anything other than a loan from the appellant to the county. The title of

chapter 197, supra, makes no reference to anything except to "the duties and powers of the county auditor". Such title does not embrace the subject of borrowing money for and on behalf of the county, that being the principal object of the statute. The body of the act requires that the county auditor, before entering into the contract with the appellant, must have the approval of the county commissioners. There is nothing in the title referring to the county commissioners. The body of the act requires the county treasurer to keep said money, when received, in a special fund for the payment of said claims. There is nothing in the title referring to the duties of the county treasurer.

"In amending a statute it is only necessary that the title to the amendatory act shall refer to a particular section of an official compilation of laws: State v. Phenline, 16 Or. 107 (17 Pac. 572), and the amendment will not be objectionable to § 20, Article IV of the constitution unless the provisions of the amendment are such as could not have been included in the original act: Ex Parte Howe, 26 Or. 181 (37 Pac. 536)." *Oregon Fruit Growers Association v. Lentz,* 107 Or. 561 (212 P. 811); *McLaughlin v. Helgerson,* 116 Or. 310 (241 P. 50); *State v. Eaton,* 119 Or. 613 (250 P. 233); *State ex rel. v. Mohler,* 115 Or. 562 (237 P. 690, 239 P. 193); *Spicer v. Benefit Ass'n of Railway Employees,* 142 Or. 574 (17 P. (2d) 1107, 21 P. (2d) 187, 90 A. L. R. 517 ); *State v. McPherson,* 77 Or. 151 (149 P. 1021).

The title of the original act creating the office of county auditor is as follows:

"To create the office of county auditor of Multnomah county, and to define the duties of such officer, and requiring the county treasurer and every officer of Multnomah county authorized by law to charge any fee, commission, percentage, allowance or compensation, including justices of the peace, and also the judge of the municipal court of the City of Portland in said

county, to file certain reports and statements with said auditor; and to repeal all acts or parts of acts in conflict therewith."

This act was thereafter codified in B. & C. Comp., chapter VIII, Title XVI, §§ 2595 to 2616, inclusive.

The act was amended by General Laws of Oregon, 1903, p. 95, under the following title:

"To amend sections 2603, 2604, 2607, and 2608, of Bellinger and Cotton's Annotated Codes and Statutes of Oregon, and to provide for the approval of all demands against the county by the county auditor before payment thereof."

Thereafter the above act as amended was codified in L. O. L. in chapter XV of Title XXV, §§ 3040 to 3061, inclusive.

Thereafter it was codified in O. L. as chapter XXVI, Title XXVI, §§ 3491 to 3512, inclusive. It was afterwards amended by General Laws of Oregon, 1929, chapter 94, p. 66, under the title:

"To amend section 3499, Oregon Laws, relating to the duties and powers of the county auditor of Multnomah county, and providing that the auditor shall draw orders on the county treasurer in place of the county clerk, and repealing all acts and parts of acts in conflict herewith."

An examination shows that neither the title to the original act nor the titles to any of the amendments thereto are sufficient to embrace the subject of borrowing money for the county by the auditor or any of the other officers of the county. The borrowing of money by Multnomah County is not embraced within the title of "the duties and powers of the county auditor". There is nothing in the title to attract the attention of the legislature to the real object of the act. While it would be constitutional to cover the question of borrow-

ing money, and the duties of the county auditor, the county commissioners, and the county treasurer in connection therewith, by an amendment under an appropriate title, the title under consideration is not broad enough to embrace that subject. The amendment is therefore repugnant to the constitution as embracing a subject not mentioned in the title of the act: *Gaston v. Thompson,* 89 Or. 412 (174 P. 717); *State v. Levy,* 76 Or. 63 (147 P. 919); *Spaulding Logging Company v. Independence Improvement Company,* 42 Or. 394 (71 P. 132).

■ It is next contended by appellant that if chapter 197, supra, be construed to authorize the making of the contract here sued upon, it offends the provisions of § 10, Article XI, of the Oregon Constitution, which reads as follows:

"No county shall create any debt or liabilities which shall singly or in the aggregate, with previous debts or liabilities, exceed the sum of $5,000, except to suppress insurrection or repel invasion or to build or maintain permanent roads within the county; * * *"

The appellant admits that the amount for which the contract is entered into, $25,000, is budgeted and provision made therefor. This being admitted, it would not be creating a debt. Where the county has budgeted and made provision for a fund to meet an obligation, it would not be increasing the indebtedness by anticipating the amount to be collected. We must construe the averment in the complaint that the amount has been "budgeted and provision made" as meaning that taxes have already been levied to pay it. It therefore would not be creating an indebtedness within the meaning of § 10, Article XI, of the Constitution, as it is merely an anticipation of the collection of taxes already levied. The instant case is distinguishable from *Brewster v.*

*Deschutes County,* 137 Or. 100 (1 P. (2d) 607), and similar cases.

■ It is next contended that the order of the county commissioners authorizing the issuance of a "master warrant" to appellant is not sufficient authorization thereof.

The appellant does not point out in what particular the order is insufficient. The order is quite lengthy and seems to cover all that is necessary under the statute. No particular form of order is required. The order issued by the board of county commissioners, after reciting the facts, reads:

"It is therefore ordered that the county auditor, upon auditing and approving old age pension claims for the month of July, 1935, draw an order upon the county treasurer for the aggregate amount of said claims, payable to the First National Bank of Portland, Oregon, and deliver said order to said bank upon payment by it to the county treasurer of the amount named in said order, said sum so paid to the county treasurer to constitute a special fund in his hands for the payment of orders drawn in payment of said individual old age pension claims for the month of July, 1935."

If the title of the act were broad enough to embrace the provisions in the body of the act, the order would be sufficient.

■ It is contended that the "master warrant" when issued would be subject to a partial defense if it appear that any of the claimants' warrants, which were paid or payable out of its proceeds, were not a valid obligation of the county.

Having determined that the transaction by which the "master warrant" would be issued was a loan to the county, the liability of the county would not be affected by virtue of any defects in the claims of the individual claimants, in the absence of fraud or collu-

sion on the part of the holder of the "master warrant". County warrants are nonnegotiable instruments and all defenses available to such instruments are available to the county. While, in a sense, the "master warrant" is a substitution of one debt for another, it nevertheless becomes an original debt as between the payee in the "master warrant" and the county, and would only be subject to such defenses as any other similar obligation issued by the county: *Smith v. Polk County,* 57 Or. 551 (112 P. 715); *Clatskanie State Bank v. Rainier,* 72 Or. 243 (143 P. 909).

There is nothing to the other contentions of appellant. If the law should be enacted with an appropriate title, then the "master warrant" would stand on the same footing as any other warrant issued as an evidence of the county obligations.

The decree of the circuit court will be reversed without costs to either party, and the cause remanded with directions to enter a decree declaring chapter 197, Oregon Laws, 1935, to be unconstitutional.

It is so ordered.