Argued September 28, affirmed October 15, petition for rehearing
denied November 19, petition for review denied
December 22, 1970

## STATE OF OREGON, *Respondent, v.*
## JOSEPH FLOYD WILLIAMSON,
*Appellant.*

475 P2d 593

*Richard Smurthwaite,* Eugene, argued the cause and filed the briefs for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

SCHWAB, C. J.

We quote from defendant's brief:

"STATEMENT OF FACTS

"As indicated in the agreed narrative statement, defendant was indicted and convicted of 'child molesting' under Laws 1969, Chapter 655, now ORS 167.227. There was sufficient proof of all elements of the crime contained in the indictment, during the State's case in chief.

"At the close of the State's case, defendant moved for a judgment of acquittal upon the grounds that the statute was unconstitutional and void because the subject of the Act was not expressed in the title thereof, as required by Oregon Constitution, Article IV, Section 20 * * *. The motion was denied * * *.

"In a timely manner, defendant requested the Court to instruct the jury that their verdict must be unanimous; this request was refused and the jury was instructed instead that only 10 jurors need agree upon the verdict * * *.

"Defendant took exception to the Court's instruction that only ten jurors need agree on the verdict * * *. The verdict was concurred in only by ten out of twelve jurors * * *."

Defendant appeals, assigning as error the trial court's denial of his motion for a judgment of acquittal and the trial court's refusal to instruct the jury that a unanimous verdict was required.

As to the requirement of unanimous verdict, he concedes that *State v. Gann*, 254 Or 549, 463 P2d 570 (1969), holds to the contrary, and candidly states that he makes this assignment of error "merely

to preserve for the record this Assignment of Error for use in the event that *Gann* suffers an early demise."

We turn now to the issue of the constitutionality of ORS 167.227 which was enacted as ch 655, § 2, Oregon Laws 1969. We quote again from defendant's brief[1]:

"Oregon Constitution, Article IV, Section 20 reads in part as follows:

" 'Every Act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be expressed in the title. * * *'

"Oregon Laws 1969, 655, contained the following title: 'Relating to crime; and providing penalties.'

"The portion of the statute under which the indictment was drawn is Section 2 of the Legislative Act and reads as follows:

" 'Section 2. (1) Any person who lewdly fondles or manipulates the private parts of a child under the age of 18 or who induces or permits a child under the age of 18 to fondle or manipulate that person's private parts, or who by threats, commands or persuasion endeavors to induce any such child to commit any crime or to participate in any

---

[1] The judgment of conviction was entered on April 3, 1970. Notice of appeal was filed on April 21, 1970. On May 7, 1970, Mr. Smurthwaite was appointed by the trial court to represent defendant on appeal. On June 26, 1970, counsel, rather than cause a needless expenditure of time and money, filed an agreed narrative statement with three short paragraphs which adequately and succinctly provided the necessary record for appeal. Briefs, including a reply brief, which competently addressed themselves to the issues, were timely filed and the case was at issue five months after the judgment of conviction.

An "agreed narrative statement" is a device which lends itself to far more frequent use than is now customary. As we pointed out in State v. Leaton, 3 Or App 425, 474 P2d 768, handed down by this court October 2, 1970, and reiterate here, its use should be seriously considered in many appeals.

act of sexual perversion with himself or with another person shall be punished by a fine of not more than $1,000 or by imprisonment in the county jail for a period not to exceed one year, or both, or by imprisonment in the penitentiary for a period not to exceed five years.

"(2) Subsection (1) of this section shall not apply to acts between person[s] who are lawfully married to one another.'

"The purpose of the Constitutional provision has been stated to be ' * * * to prevent any use of the title as a means of deceiving either the legislators or the people. * * *', Article [Probert], 'The [Constitutional] Restriction on Titles of Acts in Oregon,' 31 Oregon Law Review 111, 112. As is also noted in that article, the provision has been liberally construed in order to uphold legislation."

"The purpose of the constitutional provision [requiring titles] is to prevent parliamentary mischief, not to strike down valid legislation." *Croft et al v. Lambert,* 228 Or 76, 81, 357 P2d 513, 88 ALR2d 1227 (1961). The function, since the initiation of the practice in the eleventh year of the reign of Henry VII, was to identify proposed legislation so that a diligent, but harried legislator would be generally informed of the nature of the act, Probert, The Constitutional Restriction on Titles of Acts in Oregon, 31 Or L Rev 111-14 (1952), or at least put to inquiry, *State of Oregon v. Phenline,* 16 Or 107, 111, 17 P 572 (1888), and to inhibit legislative log-rolling, *State of Oregon v. Shaw,* 22 Or 287, 288, 29 P 1028 (1892).

There are at least two types of titles, general and specific. *People's Util. Dist. v. Wasco Co. et al,* 210 Or 1, 8-9, 305 P2d 766 (1957). A surface survey indicates that general titles serve to validate any provision not inconsistent with the title, but that portions of statutes

are occasionally stricken where the title purports to comprehensively index or specify the subject matter of the act and omits reference to certain of the subject matter. See, e.g., *Multnomah County v. First Nat. Bank,* 151 Or 342, 50 P2d 129 (1935).

Enactments with general titles have been consistently upheld so long as the act contained a single subject matter which came within the subject of the title, no matter how comprehensive the title. The Supreme Court has explained the law clearly:

> "It is the 'subject' of the act, and not 'matters properly connected therewith,' that must be expressed in the title * * *. The subject may be as comprehensive as the legislature chooses to make it, provided it constituted, in the constitutional sense, a single subject and not several, for the Constitution does not contain any limitation on the comprehensiveness of the subject * * *." *Lovejoy v. Portland,* 95 Or 459 at 466, 188 P 207 (1920).

> " * * * It [the entitlement clause] is not directed against the generality or comprehensiveness of the title to legislative enactments, nor does it require that the title shall index the details of the act. If the title covers the object of the act, the degree of particularity with which it shall be expressed or set out is for the legislature to determine. A disregard of this constitutional provision will be fatal, but the departure must be plain and manifest, and all doubts will be resolved in favor of the law * * *." *State of Oregon v. Shaw,* 22 Or 287, 289, 29 P 1028 (1892).

Two recent cases particularly demonstrate judicial approval of single-subject acts with general titles. In *Warren v. Marion County et al,* 222 Or 307, 321, 353 P2d 257 (1960), the title "Relating to county planning; creating new provisions; amending ORS 215.050, 215.150 and 215.420; and providing penalties"

was held to comprehend that portion of the statute which dealt with county building codes.

Most recently, in *Bennett v. Oregon State Bar,* 256 Or 37, 470 P2d 945 (1970), the Supreme Court upheld the statute authorizing the Client Security Fund Act of the bar which had been enacted under the title "Relating to the Oregon State Bar."

Defendant has cited no cases invalidating acts for overbreadth of title.

■ The title at bar comprises one subject and the provisions of the Act are within the confines of that title. Thus, the title is constitutionally sufficient.

Affirmed.